### ANDREW MARSHALL
### v.
### JOHANNÁ MORISSEY.

STATUTE OF LIMITATIONS—WAIVER—INCOMPETENT TESTIMONY.—To an action for money lent, the defendant pleaded payment in full, and the Statute of Limitations. The defendant, when upon the witness stand, testified to the fact of payment, and upon cross-examination was asked, "Do you take advantage of the Statute of Limitations to avoid paying the plaintiff this demand?" to which, under objection, he answered, " I do not want to avoid paying my just debts by any Statute of Limitations; but I do not owe her anything. " This was not a waiver of the defense of the statute. The an-

swer itself had no such purport, and even if it had so stated in unequivocal terms, it would not, under the circumstances, be considered a waiver.

Appeal from the Superior Court of Cook county; the Hon. John A. Jameson, Judge presiding.   Opinion filed August 5, 1880.

Mr. John N. Jemison and Mr. J. Burnham, for appellant; that the language used did not amount to an acknowledgment or a new promise, cited Keener v. Crull, 19 Ill. 189; Carroll v. Forsyth, 69 Ill. 127; McGrew v. Forsyth, 80 Ill. 596; Dickerson v. Sutton, 40 Ill. 403; Norton v. Colby, 52 Ill. 198.

Messrs. Magee & Adkinson, for appellee; that a reversal will not be had, on the ground that the evidence is conflicting and may appear to preponderate in favor of defendant, cited Reynolds v. Palmer, 70 Ill. 288; Chapman v. Blurt, 77 Ill. 337; Corwith v. Colter, 82 Ill. 585.

Bailey, J.   This was a suit brought by Johanna Morissey against Andrew Marshall, on the 28th day of June, 1878, before a justice of the peace of Cook county, where judgment was rendered in favor of the plaintiff for $70 and costs.   On appeal to the Superior Court, a trial was had before the court and a jury, resulting in a verdict in favor of the plaintiff for $192.80, for which sum and costs the court, after overruling the defendant's motion for a new trial, rendered judgment for the plaintiff.

The plaintiff's cause of action is for several sums of money loaned by her to the defendant in the year 1865, amounting in all to the sum of $139, and the further sum of $10, loaned in 1870.   As to the dates and amounts of these loans, there seems to be no controversy.   The defenses relied upon are, payment in full, and the Statute of Limitations.   A payment of $30, made in the year 1870, is admitted, but the evidence of the other payment claimed by the defendant is so far conflicting, that we do not feel called upon to review it.   The only questions we deem it necessary to consider, are those growing out of the defense of the Statute of Limitations.

It is not pretended that either of said loans was made for any specific period of time, nor that any written evidence of said loans or either of them was ever executed, and as more than five years intervened between the date of the last loan and the commencement of the present suit, it it clear that the defense must prevail unless the plaintiff succeeds in proving some fact by which the bar of the statute is removed.

At the trial an effort was made by the plaintiff to prove, 1, an acknowledgment or new promise within five years; and 2, a waiver of the statute by the defendant.

In support of her allegation of an acknowledgment or new promise, the plaintiff testified that on a certain occasion which she fixes at a time between one and two years before the commencement of the suit, she went to the defendant and said to him that she had lost her money by the failure of a certain bank; that her husband was out of work, and that she wanted her money; that the defendant said he was sorry that he could not pay her then, but would come down to her house in a day or two and give her some money on account of what he owed her; that he came to her house and stated that he could not raise any money to pay her, but would send her some groceries; that she told him he could send her a barrel of flour, which he promised to do, but failed to send it. Thomas Morissey, the plaintiff's husband, testified that he was present and heard part of the same conversation; that they were talking about money matters, and he heard the defendant say that he hoped soon to be able to pay all his just debts, when he would do it.

The defendant, on the other hand, testified positively that he never promised, directly or indirectly, to pay the plaintiff any sum on account of her claim, and that she had never demanded anything since 1870; that until the death of his wife, in 1870, he was the plaintiff's brother-in-law; that on the occasion referred to, by the plaintiff in her testimony, she sent for him, and he went to her house, when she told him that her husband was out of a situation, and she had lost her money in the savings bank, and was badly off, and applied to him for help; that he then told her that he would send her some groceries, or a barrel of flour, and assist her husband if possible in get-

Marshall v. Morissey.

ting work, and that she refused his offer; that he made the offer out of the kindness he felt for her, and not because he owed her anything.

On this state of the evidence, the plaintiff's counsel, on cross-examination, asked the defendant this question: " Do you take advantage of the Statute of Limitations to avoid paying the plaintiff this demand?" The defendant's counsel objec ed to the question, which objection was overruled by the court, and exception duly taken. The defendant then answered: " I do not want to avoid paying my just debts by any Statute of Limitations; but I do not owe the plaintiff anything."

The decision of the court overruling the defendant's objection to the foregoing question, in our opinion was erroneous. Whether the defendant did, or did not rely upon the defense of the Statute of Limitations, was a question of pleading, and not a fact to be proved by the testimony of witnesses. The circumstance that the defendant, upon whose volition the interposition of the defense depended, was the witness, does not alter the case. The plaintiff had no right to call upon him, to depose to any matter which she would not have been equally entitled to elicit from any other witness. In fact, so far as the subject-matter of his testimony is concerned, a party when a witness is to be examined in accordance with precisely the same rules as any other witness.

The defendant had an absolute legal right to interpose the defense of the Statute of Limitations, if he saw fit, and his doing so exposed him to no legitimate censure. It is not an unconscionable defense, but one equally meritorious with other defenses. It is a defense, however, which is liable to be viewed with disfavor by juries, and their prejudices are easily aroused against a party who resorts to the bar of the statute to defeat what may appear to them to be a just demand.

The question which the defendant was compelled to answer was one which was liable to place him in a false position before the jury, however he might see fit to answer it. If answered in the affirmative, it would have had the effect, as was very probably intended, to prejudice the jury against him. If answered in the negative, it would be claimed as an aban-

donment of the defense. It was in the nature of a banter of the defendant in the presence of the jury, and while it could lead to no legitimate result and elicit no legitimate testimony, it had a manifest tendency to prejudice the defendant's case.

It should be remembered that the question before the jury was as to whether the defendant, on the occasion spoken of by the witnesses, had promised the plaintiff to pay her the indebtedness she claimed, or had made such acknowledgment of the debt as to raise an implication of a new promise. On this question the evidence was conflicting, and possibly very evenly balanced. It can be easily seen how readily the jury, under such circumstances, would be likely to resolve the question against the defendant, after hearing from him what they may have understood as tantamount to a declaration on his part, that he had no desire to avail himself of the protection of the statute.

It is insisted by counsel for the plaintiff that the defendant's answer to the question put to him was, in fact and in law, a waiver of the Statute of Limitations, and should be so treated. The answer, such as it was, was forced from the defendant, illegitimately, as we think, while on the stand as a witness. Had it stated unequivocally and in precise terms that he was not disposed to avail himself of the statute, we should, under the circumstances, have felt reluctant to give it the effect claimed for it. But it had no such purport. The defendant had just testified that he paid the plaintiff in full as long ago as 1870, and that he justly owed her nothing whatever. When asked whether he was proposing to take advantage of the statute to avoid paying the plaintiff what she claimed, he answered that he did not want to avoid paying his just debts by any Statute of Limitations, but that he did not owe the plaintiff anything. This answer, taken in connection with his other testimony, was no abandonment of the defense, but, by implication, the very reverse. He obviously meant that he was not disposed to plead the statute to any just debt, but this claim was wholly unjust, and therefore (by implication), he proposed to insist upon the statute, so far as it was concerned.

For the error in overruling the defendant's objection to the above question, the judgment will be reversed and the cause remanded.

Judgment reversed.