## G. W. WILSON *v.* W. T. ZOOK.

1. PRACTICE. *Continuance. Unavailing effort to get testimony.*

   Where one asks for a continuance because of the absence of a certain book, which he is desirous of using in evidence to establish material facts, and it appears that the book was left with a person who testifies that she had made search for it without success, but had afterwards found another book, which she delivered to a third person, who was absent; and it appears that a subpœna *duces tecum* to these persons for the production of the book desired would be unavailing, and it is not suggested that inquiry in any other direction would discover the book, it is proper to refuse the continuance.

2. SUPREME COURT. *Verdict. When not disturbed.*

   Where a recovery is had upon an account, which the plaintiff's testimony shows was made up and delivered to him by an employe of the defendant, and the plaintiff testifies that all items thereon, up to a certain date, are correct to his personal knowledge, and the verdict in favor of plaintiff is for a less amount than is shown to have been due at that date, disregarding subsequent items claimed by him, the supreme court will not disturb the verdict as excessive, though there are facts tending to show that the recovery is for too much.

3. SAME. *Instruction granted both parties: Estoppel.*

   One cannot assign for error the action of the trial court in giving an instruction for the opposite side, when he asked and obtained, as announcing the law of the case, an instruction to the same effect. *Insurance Co.* v. *VanOs,* 63 Miss., 431.

FROM the circuit court of DeSoto county.

HON. JAMES T. FANT, Judge.

W. T. Zook sued John D., George and Marlin Wilson as partners in trade, under the firm name of Wilson & Bros., on an open account for $480.21, for cutting and hauling saw-logs. The defendants, George and Marlin Wilson, pleaded the general issue, and also filed a special plea, denying that a partnership existed between them and John D. Wilson. The defendants made application for a continuance on account of the absence of a certain book, which contained the items of account upon which the suit was based. The application was overruled. There was testimony tending to show that the book was important as evidence on behalf of defendants, and that they had used diligence to obtain it. The other material facts in regard to this are stated in the opinion of the court. The case was dismissed as to the defendant, John D. Wilson, and there was a trial, resulting in a verdict and judgment against the other defendants.

As stated in the opinion, the evidence was conflicting as to the liability of defendants as partners, and also as to the amount plaintiff was entitled to recover, if they were so liable. On the latter point, the plaintiff introduced one Williamson, who was the book-keeper of the mill where plaintiff worked. He testified that he measured most of the logs which were cut and hauled after June 20th up to August, 1888; that he had examined the account sued on, and that all the items of credit in favor of plaintiff for cutting and hauling logs were correct, except one in his favor of about $53, which he thought was incorrect; that on the 19th of June, plaintiff asked John D. Wilson for a settlement; that said John D. Wilson, who seems to have had active charge of the business, instructed witness to make up Zook's account, which he did, bringing him out $50 in debt to Wilson Bros.; that he handed plaintiff the account, and he stated that it was not right, and that he had not been given the proper credits; that the next

day John D. Wilson brought in other credits to which plaintiff was entitled, which changed the balance in his favor to the sum of $150. This witness was then asked to sum up the credits, as shown by the account sued on, to which plaintiff was entitled after June 20, which he did, and this ran the amount due plaintiff up to the sum of $230. He was then asked to add up the credits, as shown by the account, after June 20, 1888. This he did, and found that they amounted to $66. He was then asked, conceding the books to have been correctly kept after the 20th of June, and conceding the account to be correct, what was the true balance due plaintiff at the time of the trial, and he stated that the amount would be $165. He further testified that he did not know that all the credits due plaintiff had been given. Verdict and judgment in favor of plaintiff for $398.07. Motion for new trial overruled. Defendants appeal.

The opinion contains a further statement of the facts necessary to an understanding of the points decided by the court.

*Morgan & Buchanan*, for appellants.

1. The court erred in refusing to grant a continuance. The effort of plaintiff was to hold Marlin and George Wilson liable for a debt contracted by their brother, John D. Wilson. The testimony showed that the book, if produced, would disprove the indebtedness which plaintiff sought to establish against them. They made every effort to get the book, and application for a continuance or postponement was promptly made when it was found that the book was missing.

Justice and fair dealing require that the defendants should have been allowed time to procure the book, or to ascertain what had become of it. Surely the court cannot tolerate the suspicion that a fraud had been perpetrated on the appellants without a strong desire to right the wrong.

2. The court erred in charging the jury for the plaintiff. It is not shown that the defendants ever knew that John D.

Wilson was holding them out as partners; and it is shown that the plaintiff did not know that they were partners, or interested in the business at the time his debt was contracted. Clearly, he did not extend credit to the firm because of their connection with it. Though a man may know that another is using his name in a firm as a basis of credit in a particular transaction, this would not make him liable for the debts of the firm generally. By the second instruction the jury was told that if it believed that George Wilson, on learning that his name had been used in the purchase of machinery, assented to it, this might make him liable as a partner generally. This is not the law. The court should have told the jury that unless the defendants allowed a general use of their names as a basis of credit for the firm, they would not be liable for the general indebtedness of the partnership. See Parsons on Part., p. 119 and notes. The third instruction is also clearly erroneous.

3. The verdict is contrary to the law and evidence. (1) There was a total failure to establish a partnership between defendants and John D. Wilson. (2) The verdict is clearly excessive. This is shown by the testimony of the book-keeper, Williamson. Conceding the books to have been correctly kept, after the 20th of June, when Zook left, and conceding plaintiff's account to be correct, the outside amount due plaintiff would be $165. A simple inspection of the account sued on, in the light of the testimony of this witness, will demonstrate the correctness of the calculation made by him. The plaintiff ought to be bound by his testimony, as he is the only witness who testified in detail as to the correctness of the account.


*Powel & Powel*, for appellee.

1. The continuance was properly refused. If the absence of the book was a good cause for a continuance, still the defendants showed no diligence in endeavoring to obtain it.

2. The court properly instructed the jury on behalf of

plaintiff. The evidence shows that the defendants were liable as partners, and the court properly instructed as to this.

3. The verdict is fully sustained by the evidence. The plaintiff testified that he had personal knowledge of the items up to June 20, when the amount due him was $483.07, and, after that, there were items in his favor. The witness, Williamson, testified that he did not know that all the credits had been given plaintiff. If we disregard all the items in his favor after June 20, still the verdict is for less than the amount that was due him.

COOPER, J., delivered the opinion of the court.

The application for a continuance by the defendants was properly refused. The book desired by the defendants, to be used in evidence, and because of the absence of which the continuance was asked, was last in possession of John D. Wilson, who, on leaving the state, left it, as he thinks, in his room at Mrs. Jones'. Mrs. Jones was introduced as a witness, on the hearing of the application, and stated that she had made search for it, and it could not be found. One book was found by her after Wilson left the state, which was delivered to one McNeely, but it was not the book the defendants desired to have. A subpœna *duces tecum* to McNeely or to Mrs. Jones would have been unavailing, since it does not appear that either of them had the book, and it was not suggested that inquiry in any other direction would discover it.

We cannot affirm that the verdict of the jury is for too large a sum. The account sued on shows a balance due the plaintiff of $480.21, and the plaintiff testified that it was made up and delivered to him by an employe of the defendants, by direction of John D. Wilson. He further stated that all the items credited to him thereon prior to June 20, 1888, were correct, to his personal knowledge. If all credits claimed by the plaintiff, after that date, were disallowed by the jury, the amount remaining due to him on the face of the

account, with interest thereon to the date of the judgment, was in excess of the sum awarded him by the verdict.

The principal error assigned by the defendants is to the instructions given by the court for the plaintiff. The real controversy between the parties was upon the question whether the appellants were members of the firm of Wilson Bros., or, if they were not, were, nevertheless, liable to the plaintiff by reason of having permitted John D. Wilson to hold them out as such for the purpose of giving credit to the firm. There was evidence offered by the plaintiff tending to prove that appellants were, in fact, members of the firm, and also evidence tending to prove that, if, in fact, they were not partners in the firm, they had permitted John D. Wilson to hold them out as such. For the defendants there was evidence tending to disprove these facts. The plaintiff admitted that he did not know that appellants were, in fact, members of the firm, or had been so held out by John D. Wilson, and that he gave no credit to the firm on account of their supposed membership.

At the instance of the plaintiff, the court instructed the jury that, "a man may become liable to the debts contracted in the name of a firm, although, in point of fact, he was not a member of the firm, and no such firm existed. If a man knows that another is using his name in a firm as a basis of credit, and he permits him to use it to help along the party, then the party so permitting his name to be used, becomes liable for the debts of the firm."

The appellants contend that this instruction is not correct, and that a party permitting his name to be used in a firm of which he is not a member, is liable only to those who extend credit to the firm on the faith of the membership of such person.

We cannot distinguish the rule announced in this instruction from that announced in the concluding paragraph of the fourth instruction asked and secured by the defendant. By the fourth instruction the jury was told that if it was satisfied

from the evidence that appellants were not, in fact, members of the firm of Wilson Bros., the verdict should be for them, "unless they are satisfied, by a preponderance of the evidence, that the plaintiff was induced to make the contract and to do the work on which he sues in this cause by reason of such representation by said defendants, or that the names of George and Marlin Wilson were used by J. D. Wilson in the firm name of Wilson Bros. by their knowledge and consent, and in the interest of said firm of Wilson Bros., in which event defendants would be liable to plaintiff for the debt sued on."

The appellants cannot assign for error the action of the court in giving an erroneous instruction for the plaintiff, when they themselves prayed and received the same as announcing the law by which the jury should be guided. *Insurance Co.* v. *Van Os*, 63 Miss., 431.

*Affirmed.*