### JOHN A. LEWIS *v.* J. E. BUCKLEY.

1. STATUTE OF LIMITATIONS.  *Oral withdrawal of plea by defendant while testifying.*

   A defendant may, by the use of appropriate words, orally waive, or withdraw, his plea of the statute of limitations, while testifying in the cause, and a recovery by the plaintiff will not be set aside because the action was in fact barred, although the defendant's counsel did not withdraw the plea, or otherwise join in his act, and the instructions granted to both parties were framed as if the issue presented by the plea still remained before the jury.

2. SAME.  *Words of withdrawal.*

   If in testifying the defendant uses the following words: "I do not plead the statute of limitations in anything.  When I owe an honest debt, I pay it.  I never pleaded it in a case before, and I do not plead it in this case," they constitute a withdrawal of his plea setting up the bar of the statute.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

The opinion states the case.

*Brame & Alexander*, for appellant.

1. The lapse of the statutory period not only bars the remedy but also extinguishes the right in this state, and the parties to the controversy, on the examination of the appellant as a witness, were dealing with a substantial right and not a mere matter of procedure. The lapse of time had defeated the right of action as effectually as if the amount had been paid.

2. The plea of the statute was a part of the record, and its existence cannot be denied or contradicted. Pleadings in the circuit court can only be in writing, and whether a defense is pleaded or not, is a matter which the record must show. If there had been no such plea filed, appellant would not have been permitted to give evidence of the lapse of time. *Per contra*, the plea being on file, he could not, by merely saying that there was no such plea, expunge it. For aught that appears in the record, he may not have known that his counsel had pleaded the statute. The plea did not have to be sworn to.

3. The testimony of appellant in respect to the plea of the statute can only be availed of as a waiver or as an estoppel. It cannot be a waiver, because there is no consideration for it. Again, it is not a waiver, because the effect contended for would be not to waive a right, but to create one, for by the lapse of time the right had completely gone. It cannot be treated as an estoppel, for none of the elements of an estoppel exist. There was no intent to mislead, no parties changed their position, and no rights accrued as the result of the statements.

4. An attorney has full power to plead for his client, and, if his power is questioned, the statute prescribes how it shall be done. Code 1892, § 217.

5. No motion was made to strike out the plea after the delivery of appellant's testimony, and instructions were asked

on both sides touching the statute of limitations, the trial pro-
ceeding on the issue raised by the plea. The plea was not re-
plied to, but it is perhaps too late for the appellant to avail of
that fact, for the same reason that prevents plaintiff from claim-
ing that it was abandoned. Where parties, by their instruc-
tions, invoke the same principle of law as governing, neither
can complain. *Wilson* v. *Zook,* 69 Miss., 694.

*F. G. Lewis,* on the same side,
Filed a lengthy brief discussing other features of the case,
and cited *Hogue* v. *Lewelen,* 42 Miss., 302, as authority for the
position that appellant was entitled to judgment for want of
reply to his plea of the statute.

*John L. Buckley* and *Miller & Baskin,* for appellee.
The appellant declared, when before the jury, that he did
not plead the statute of limitations, and he is to be taken as
having withdrawn his plea.

WHITFIELD, J., delivered the opinion of the court.
The statute of limitations was set up in one of the pleas be-
low. On the trial the defendant, while testifying, said: "I
do not plead the statute of limitations in anything. When I
owe an honest debt I pay it. I never pleaded it in a case be-
fore, and I do not plead it in this case." Notwithstanding
this solemn declaration—a clear withdrawal of the plea—in-
structions were asked on both sides as if the plea were in, but
the jury found for the plaintiff. It is insisted that the appel-
lant should have had the benefit of the statute, because, with
us, the lapse of the statutory period bars not only the remedy
but the right. But, to have the benefit of the statute in either
view, it must be pleaded. Again, it is said that the plea was
part of the record, and that its existence could not be denied.
What was said was a withdrawal of the plea. Again, it is urged
that plaintiff could not avail of this testimony as a waiver, be-
cause there was no consideration for it. But no consideration

is required to support the withdrawal of the plea. What was
done was more properly termed a withdrawal of the plea in the
exercise of his personal privilege to plead the statute or not,
than a waiver. As said in *Crane* v. *French*, 38 Miss., at p.
530: "There appears to be a plain distinction between declin-
ing to take advantage of a privilege which the law allows to a
party, and binding himself by contract that he will not avail
himself of a right which the law allows to him on grounds of
public policy." Again, it is said that an attorney has full
power to represent his client, and, if that power be questioned,
the statute points out the way in which it is to be questioned.
But this statute (§ 217, code of 1892) relates to "a demand
made by or on behalf of the defendant for the authority of
plaintiff's counsel to bring the suit." Again, it is said counsel
for plaintiff did not move to strike out the plea, and the case
was proceeded with afterwards as if the plea were in, instruc-
tions being asked on both sides with reference thereto, and,
when both parties have invoked the same principle of law,
neither can complain, *Wilson* v. *Zook*, 69 Miss., 694, being
cited. The defendant himself had withdrawn the plea, by the
testimony quoted, and neither the court nor his counsel could,
in one way or another, compel him to plead it. "A party may
decline to assert a right which the law gives him the power to
assert for his individual benefit; he may decline to plead the
statute of limitations." *Crane* v. *French*, 38 Miss., 530. See,
also, *Parker* v. *Johnson*, 47 Miss., 632.

In *Perkins* v. *Guy*, 55 Miss., p. 180, this court say: "If
one plea is withdrawn, in such circumstances it is a conclusive
admission that further opposition to a recovery will not be
made by reason of anything that had been proved, or that
might be, under that plea. That much of the case has been
blotted out, and the defendant has elected to stand upon his
other pleas."

The supreme court of Indiana, in *Brookville National Bank*
v. *Kimball*, 76 Ind., 195, said: "The law allows a man to be

honest, and to pay an honest debt, however stale and ancient it may be. He may interpose the statute of limitations, but he may waive it also. The law does not compel him to resort to this defense, nor can others insist upon it for him."

*Wilson* v. *Zook* does not avail appellant. The court will not hear appellant assign as ground for reversal an erroneous charge, when he has invoked the same erroneous principle in his instruction. But this principle has no application to instructions asked by counsel, and granted by the court, on a plea of the statute of limitations, which the defendant has himself, in the exercise of his personal privilege, withdrawn; and, besides, the result here is not reversal, but affirmance. We think the right result has been reached, and the judgment is

*Affirmed.*