EMERY B. MOORE & another, trustees, *vs.* WILLOUGHBY H. STUART & another.

Suffolk.   March 10, 1913. — September 11, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Withdrawal of plea of statute of limitations, Exceptions. *Limitations, Statute of.*

The defendant in an action of contract may withdraw a plea of the statute of limitations.

Whether a party to an action by his testimony at a trial before a jury has withdrawn a plea of the statute of limitations is a question of law for the presiding

judge and not a question of fact for the jury, because it is the duty of the court to determine what the pleadings are which present the issues of fact for the jury to pass upon.

If the plaintiff in an action of contract, in which the defendant has pleaded the statute of limitations, thinks that the defendant by his testimony at the trial has withdrawn the plea of the statute and that in spite of such withdrawal the defendant's counsel is insisting on that defense, the remedy of the plaintiff is to file a motion to strike out the plea, and the judge then can decide whether the plea has been withdrawn.

In an action of contract against two defendants jointly, one of the defendants pleaded the statute of limitations. The plaintiff contended that this defendant by her testimony at the trial had waived that defense. The judge left it to the jury to say whether this defendant had waived the statute of limitations, and the jury by returning a general verdict for this defendant found that she had not waived the defense of the statute. The plaintiff excepted to the refusal of the presiding judge to give the jury certain instructions on that question. *Held*, that the finding of the jury upon the question whether the defendant had waived the defense of the statute of limitations was a nullity which could not affect the plaintiff's rights, because this was not a question for the jury, and that for this reason all exceptions relating to that finding must be overruled.

LORING, J. The declaration in this action contained three counts. In the first the plaintiff counted on a note for $13,189.34 dated October 3, 1889, due December 3, 1893; in the second he counted on an agreement dated October 4, 1889, to pay that note and two other notes (one for $5,400 and the other for $5,426) before they fell due; and in the third he counted on an agreement dated January 17, 1896, extending payment of all three notes to January 1, 1899. The writ was dated November 2, 1904. The action was a joint action against both Mr. and Mrs. Stuart, and all the notes and agreements purported to be signed by both. Mrs. Stuart denied her signature to the agreement in the third count, contended that the note sued on for $13,189.34 was given as collateral for the two notes of $5,400 and $5,426, which it was admitted had been paid, and in addition she pleaded the statute of limitations. Verdicts on all the counts were found in favor of Mrs. Stuart and for the plaintiff as against Mr. Stuart. It is apparent from this (1) that the jury found that the note sued on was not given as collateral for the other two notes; (2) that the jury believed Mrs. Stuart when she testified that she did not sign the agreement relied on in the third count; and (3) that the verdict in her favor was founded on the defense of the statute of limitations.

At the trial, in answer to the question (put by her own counsel) whether or not she had instructed her counsel to pay any of these notes, she testified, "I did, all that bore my signature." On cross-examination she testified that the note sued on in the first count did bear her signature and that she did not wish to take advantage of its being an old note. On re-direct she testified that if it had been paid once she did not wish it paid again.

At the conclusion of the testimony the plaintiff asked for the following rulings: "4. As to the first count of the plaintiffs' declaration, the defendant Susan M. Stuart having waived the statute of limitations as a defense in open court, she cannot take advantage of said statute. 14. The statute of limitations is a defense which goes to the remedy and not to the cause of action and the same may be waived by the person entitled to plead the same. If a person so testifies as to lead the jury to believe that she does not rely upon the statute of limitations, then the jury have the right to find that such defense has been waived. 15. If the defendant Susan M. Stuart shall be found by the jury to have waived the benefit of the statute of limitations the original note for $13,189.34 admittedly signed by her is not now barred by said statute of limitations and on this aspect of the case the question as to whether or not Exhibit 104 was signed by her is immaterial."

The judge * left it to the jury to say whether Mrs. Stuart had waived the statute of limitations and in that connection instructed them that "with respect to the conduct of this case [she] is in the hands of her counsel Mr. Morse. It appears from the closing argument of Mr. Morse that he does not waive the defense of the statute of limitations, and if you find that Mr. Morse is acting in accordance with her instructions, you will be authorized to find that she has not waived the statute of limitations."

The case is here on exceptions to the refusal to give the rulings asked for and to the ruling given.

The evidence relied on by the plaintiff, if it showed anything, showed a withdrawal of the plea of the statute as distinguished from a waiver of it. Of course a client can withdraw a defense pleaded by his attorney, as was decided in *Lewis* v. *Buckley*, 73 Miss. 58. But the question whether a client has or has not done so

---

* *Fox,* J.

is a question for the court, not for the jury. It is the province of the jury to decide the issues of fact raised by the pleadings; but it is for the court to determine what the pleadings in the case are. See *Marshall* v. *Morissey*, 6 Ill. App. 542.

If the plaintiffs thought that Mrs. Stuart had in fact withdrawn the plea of the statute and that in spite of her withdrawal of that defense her attorney persisted in setting it up in her behalf, their remedy was to file a motion to strike out that plea. And, as we have said, it would have been for the court to decide whether that motion should or should not be granted.

In the case at bar no such motion was made, and the question whether the plea had or had not been withdrawn was not raised. At the trial of the issues raised by the pleadings (including this defense of the statute of limitations) some evidence crept in which would have been relevant to that question if it had been raised. But it is manifest that that question was not thoroughly tried. For example, the matter alluded to by the presiding judge (when he instructed the jury on this point) was a matter on which direct evidence should have been given and doubtless would have been given had the question been raised properly and a thorough trial of it had.

The finding of the jury on this question should be disregarded as a nullity and all the exceptions with respect to it must be overruled for that reason.

It should be added that, if the question had been raised, the evidence as matter of law did not require a finding in the plaintiffs' favor. It well might have been found that Mrs. Stuart insisted upon pleading the statute to the claim on the note because she believed that it had been discharged by payment of the two notes for $5,400 and $5,426, respectively, for which she believed the note sued on was given as collateral security, although the jury by their verdict against Mr. Stuart subsequently found otherwise on that point.

The entry must be

*Exceptions overruled.*

*H. D. McLellan,* for the plaintiffs.

*R. M. Morse,* for the defendants.