HOLMES BROS. *v*. DEER.

[70 South. 826.]

WITNESS. *Examination. Cross-examination.*

A defendant has a right during the trial to withdraw his plea of the statute of limitations by so stating when upon the witness stand, however this is a personal right which may be exercised voluntarily by a defendant, and until exercised it is presumed that he wished to claim the advantage of this plea, and plaintiff has no right upon cross-examinations to attempt to persuade him to withdraw it.

APPEAL from the circuit court of Pike county.

HON. D. M. MILLER, Special Judge.

Suit by Holmes Bros., a partnership, against A. G. Deer. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Mixon, Holmes & Cassidy,* for appellant.

*F. C. Lee,* and *C. W. McKnight,* for appellee.

SYKES, J., delivered the opinion of the court.

Holmes Bros., the appellants here, partners in the mercantile business in the city of McComb, filed suit in the circuit court of Pike county against A. G. Deer, appellee here, for the sum of two hundred and ninty-five dollars and sixteen cents, balance claimed to be due appellants on an account with appellee beginning in the year 1908 and running through the year 1911. Suit was filed August 13, 1913. The appellee pleaded the three-year statute of limitations as to all the account made prior to January, 1910, and denied under oath the correctness of the account of Holmes Bros., showing specifically wherein it was incorrect. He further pleaded payment, and also filed a plea of the general issue.

It is the contention of appellants that there were certain payments made on this account without any direction from the appellee as to how these payments were to be applied, and that the appellant applied them to the oldest items on said account. The appellee claims there was an agreement between him and appellants that all payments made by him were to be first applied to that part of his account beginning after January, 1910, and that any overplus should be applied on the old debt. The jury were correctly instructed upon the question of the application of payments, and returned a verdict for the defendant.

In the examination of the appellee Deer, appellants' attorney asked him the following question:

"Now, I will ask you whether or not you would refuse to pay Holmes Bros. anything you might owe them, if you owe them anything, because the account is barred by the statute of limitations."

An objection was interposed by the attorney of appellee, which was sustained, to which ruling of the court appellants excepted.

This court, in the case of *Lewis* v. *Buckley,* 73 Miss. 58, 19 So. 197, held that the defendant had a right during the trial to withdraw his former plea of the statute of limitations by so stating when upon the witness stand.  To this proposition we agree.  We hold, however, that this is a personal right which may be exercised voluntarily by a defendant, and until exercised it is presumed that he wishes to claim the advantage of this plea, and that the plaintiff has no right upon cross-examination to attempt to persuade him to withdraw it, as is the effect of the above question.

*Affirmed.*