GILLESPIE, Presiding Justice.
This case arose in the Circuit Court of Jones County where Don Alan Smith, a minor (hereinafter plaintiff) brought suit against the administrator of the estate of Joe Grim, deceased, for personal injuries sustained in a one car accident. The negligence alleged was that Joe Grim was driving an automobile in which plaintiff was a guest passenger at a dangerous, unlawful *218 and negligent rate of speed without having it under control.
Defendant appealed from a jury verdict and judgment for plaintiff in the sum of $20,000.
No material factual dispute exists. Joe Grim was driving a Cadillac automobile north on a Laurel street posted as 30-mile speed zone. On the night of the accident, the street, which is straight, was wet from rain. Plaintiff was a passenger on the right side of the front seat and Robert C. James was riding in the rear seat. As the automobile traveled over a dip in the street it commenced to “fishtail”, left the street on the east or right side, traveled through a ditch and up an incline a distance of seventy-five feet where it severed a fourteen-inch utility pole, and then continued 132 feet before coming to rest. Grim was killed instantly. Plaintiff suffered an injury to his scalp and a comminuted, transverse simple fracture of the left femur.
On the issue of liability, three witnesses testified. Paul Craven, a policeman, investigated the accident and testified as to the physical facts. Robert C. James, the rear seat passenger, stated that the trio were returning home from a fraternity party when the automobile began “fishtailing” and it seemed that the rear end was not gripping the street. James said he “went to the floor” and about a second later the car struck the utility pole. He testified (1) no other vehicle was ahead or behind the Grim car at the time of the accident, (2) the Grim automobile was apparently in good mechanical condition, and (3) Grim was alert, in normal condition and under no disability. Mrs. Gayle James (no kin to Robert) who lived in the vicinity of the accident, was awake at the time with her window open. She heard, but did not see, the automobile pass making a kind of low frying sound and traveling fast, and then heard a thud.
Defendant makes an extensive argument that the $20,000 verdict is so excessive as to shock the conscience. As to the injuries sustained, the fracture of the femur required two operations and forty days of hospitalization. The plaintiff used crutches for a considerable period of time and experienced considerable pain. He can expect to experience some permanent arthritis. Plaintiff lost eighteen months from school and could not participate in athletics after the injury. The Plaintiff also had an injury to his scalp and suffered emotionally, which required psychiatric treatment. Medical expenses amounted to $1,792. There is no basis for this Court to hold that the verdict rendered in this case is excessive or that the jury did not respond to reason.
Defendant raises several other questions, which have received careful consideration and we are of the opinion that only one justifies discussion. It is maintained that the trial court erred in submitting the case to the jury on the theory of res ipsa loquitur. The lengthy instruction to which reference is made informed the jury that if it found certain facts it could infer that Joe Grim was negligent. The complained of instruction is in some respects similar to one submitting to the jury the question of res ipsa loquitur since it told the jury that if certain facts were believed from a preponderance of the evidence to be true, then it could infer that Joe Grim was negligent, and if such negligence, if any, proximately contributed to the accident, then it should find for the plaintiff. The facts referred to were undisputed and showed overwhelmingly that Joe Grim was negligent. The instruction should not have been given, but we cannot say it was harmful to defendant for two reasons. First, as previously stated, the undisputed testimony and the physical facts overwhelmingly show that Grim was negligent. Second, defendant requested and was given an instruction which told the jury that even if it found the facts to be as stated in the plaintiff’s instruction, it could not find for plaintiff unless it also found from a preponderance of the evidence that Joe Grim was guilty of negli *219 gence which contributed to the injury to plaintiff. We are of the opinion that defendant is not in a position to complain of plaintiff’s instruction because defendant requested and was given an instruction on the same theory as set out in plaintiff’s instruction, but from defendant’s standpoint. Cf. Queen City Manufacturing Co. v. Blalack, 18 So. 800 (1896); Wilson v. Zook, 69 Miss. 694, 13 So. 351 (1892); and Liverpool & London, Globe Ins. Co. v. Van Os and Shuster, 63 Miss. 431 (1886).
This is an inappropriate case for the application of the doctrine of res ipsa loquitur since the facts were sufficiently developed to resolve the question of negligence without resort to this doctrine which the courts apply with caution.
After a careful examination of the record, we are of the opinion that there is no reversible error and the case should be and is affirmed.
Affirmed.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.