Greco, J.
This is a Dist./Mun. Cts. R. A D. A., Rule 8C, appeal by the plaintiff of the dismissal of this action on statute of limitations grounds.
Plaintiff-lessor Antonio Moda (“Moda”), Trustee of Locke Realty Trust, commenced this action on February 18,1998. In a two-count complaint, Moda sought recovery for alleged G.L.c. 93A violations and breach of contract by defendant-lessee Terminex International Company (“Terminex”) in failing to pay $10,650.00 in electricity charges and $931.00 in water and sewer charges due under the parties’ commercial lease. Terminex filed a “Motion To Dismiss or, in the Alternative, for Summary Judgment” on statute of limitations grounds[2] which was initially denied and then, upon reconsideration, allowed by the trial court. The following facts are not in dispute.
In 1988, the parties executed a written lease for commercial premises in Woburn for an initial term from March 1,1988 through February 29,1992. In addition to rent, the lease required Terminex to “pay or cause to be paid, all charges *265 for water, electricity, telephone, gas, sewer and other public or private utility services ... provided to the premises during the term of the lease.” Paragraph 17 (a) of the lease provided that
[i]n the event that (a) The Tenant shall default in the payment of any installment of rent or other sum herein specified and such default shall continue for ten (10) days, after written notice from Landlord...,
Moda would have the right to terminate the lease, re-enter the premises and remove Terminex’s property “without prejudice to any remedies which might otherwise be used for arrears of rent or other default.”
On March 7,1991, over three years into the lease, Moda sent a written request to Terminex for payment of the water and sewer charges which are the subject of this action. Four days later, Moda sent a second letter requesting payment for electricity charges estimated to be due for the period from March 1,1988 to March 1, 1991 and also at issue in this case. The next communication included in the record on this appeal is a November 1,1991 letter from Terminex to Moda expressing its desire to renew the lease the following March provided it was “released from liability” for the utility charges in question. No such release was forthcoming, although negotiations along those lines continued. Subsequent correspondence between the parties clearly indicates that Moda never relinquished its demand for payment of the charges even though the lease was, in fact, ultimately renewed.
1. Although captioned as a request in the alternative for either dismissal or summary judgment, the defendant’s motion was obviously considered as the latter because it was supported by an affidavit and other Mass. R. Civ. E, Rule 56, materials. Although no issue has been raised on this appeal about the motion procedure, it may be noted that while “[a] motion to dismiss under Rule 12(b) (6) is an appropriate vehicle for raising... [a statute of limitations] defense,” Epstein v. Seigel, 396 Mass. 278, 279 (1985), questions involving the
applicability and effect of the passage of time on particular sets of facts are [also] grist for the summary judgment mill. [Citations omitted]. And when a defendant moves for summary judgment based on a plausible claim that the suit is time barred, the onus of identifying a trialworthy issue customarily falls on the plaintiff.
McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995). See, generally, Fiddler v. E.M. Parker Co., 394 Mass. 534, 545-546 (1985). Compare, e.g., Barber v. Fox, 36 Mass. App. Ct. 525, 529 (1994).
It was, of course, incumbent upon Terminex as the moving party to establish in the first instance that the time period between the accrual of Moda’s cause of action and the filing of its complaint exceeded the applicable limitations periods. Lindsay v. Romano, 427 Mass. 771, 773 (1998); McGuinness v. Cotter, 412 Mass. 617, 620 (1992); Riley v. Presnell, 409 Mass. 239, 243-244 (1991). Moda’s cause of action in contract accrued when Terminex breached the parties’ lease by failing to make utility payments at the time they were due. See, generally, Flannery v. Flannery, 429 Mass. 55, 58 (1999); Enciso v. Zegarelli, 1981 Mass. App. Div. 171, 174. There is nothing in the record before us, however, which resolves the dispositive issue of when the utility payments were due.
2. First, the parties disagree on when Terminex became obligated to pay the utility charges. Moda argues that payment for any such charges which accrued during the term of the lease was not due until the lease term expired, i.e., February 29,1992. Conversely, Terminex contends that it was required to pay all utility charges on demand, i.e., in March of 1991, well over six years before this suit was filed. Terminex’s argument, however, is based exclusively on a misreading of *266 Paragraph 17 (a) of the lease.
Contrary to Terminex’s contention, Paragraph 17 (a) did not specify when utility payments were due. The clause merely indicated what would happen ‘‘[i]n the event that” Terminex defaulted in the payment of rent or other sums. It in no way established the time of default itself. Paragraph 17(a) instead specified a ten day period after both the occurrence of a default and written notice of default by Moda in which Terminex could cure or remove the default in order to avoid termination of the lease. See Priestley v. Sharaf’s, Inc., 4 Mass. App. Ct. 218, 222 (1976).
Further, while other clauses of the lease expressly stated when all other payments were due, the lease was silent as to the time when Terminex was required to pay utility charges. Terminex was obligated by the lease to make payments for four separate items. Three of those were listed under the heading of “Rent” and included basic rent, some portion of Moda’s real estate taxes and a part of his “operating expenses.” The fourth item, utility charges, included electricity, water and sewer charges and was listed separately in Paragraph 5. The lease expressly provided when the first three payments were due. Rent was due on the first day of each month. The tax payment was due “within ten (10) days after receipt of an invoice” from the landlord. Similarly, operating expense payments became due within ten days “after receipt of written notice” from the landlord. No time was set in Paragraph 5 or in any other place in the lease for the payment of utility charges.
We have recognized that “when an essential term of a contract is missing, that contract is ambiguous and it falls to [the court] to interpret the contract sensibly in the light of the document taken as a whole ... and surrounding facts.” Fay, Spofford & Thorndike, Inc. v. Massachusetts Port Auth., 7 Mass. App. Ct. 336, 342 (1979), quoted in Snow v. Fitian, 1998 Mass. App. Div. 227, 231. However, “[a]n omission to express an intention cannot be supplied by conjecture.” Spaulding v. Morse, 322 Mass. 149, 152 (1947), quoting from Dittemore v. Dickey, 249 Mass. 95, 105 (1924). The fact that payment times for rent, operating expenses and taxes were definitively stated permits two reasonable, but opposite and equally inconclusive, inferences; namely, that the parties intended and understood that there would be a similar due date for utility payments, or that because they specified payment deadlines when they wanted them, they did not intend a similar fixed payment time for utility charges. Moreover, while we might be tempted simply to conclude that utility payments customarily become due at a time roughly contemporaneous with the incurring of such charges, the conduct of the parties in this case suggests otherwise. Frequently “[t]here is no surer way to find out what the parties meant, than to see what they have done.” Hastings Assoc., Inc. v. Local 369 Bldg. Fund, Inc., 42 Mass. App. Ct. 162, 172 n.14 (1997), quoting from Pittsfield & N. Adams R.R. v. Boston & Albany R.R., 260 Mass. 390, 398 (1927). Moda made no attempt to seek payment until three years into the four-year lease. In this context, Moda’s view that utility- payments were not due until the end of the lease term which was less than a year away was not implausible.
In short, we are not left with “a conviction that a particular result was fixedly desired [by the parties] although not expressed by formal words.” Dittemore v. Dickey, supra at 105. And there is no need to guess on a pretrial motion what the parties intended. Their intent can be determined at trial where extrinsic evidence may be admitted to resolve any uncertainty in applying the lease terms to the question of the utility charges in this case, see generally Affiliated FM Ins. Co. v. Constitution Reinsurance Corp., 416 Mass. 839, 842 (1994); Hubert v. Melrose-Wakefield Hosp. Ass’n, 40 Mass. App. Ct. 172, 177 (1996), and any question as to a statute of limitations bar to Moda’s right to recover payment.[3]
*267 Accordingly, as this case is not ripe for summary judgment, see New Eng. Financial Resources v. Coulouras, Inc., 30 Mass. App. Ct. 140, 145-146 (1991), the trial court’s judgment of “dismissal” is hereby vacated, the allowance of the defendant’s “Motion to Dismiss or, in the Alternative, for Summary Judgment” is reversed, and this case is returned to the Haverhill Division for trial.[4]
So ordered.

 Claims under G.L.c. 93A are subject to a four-year statute of limitations. G.L.c. 260, §5A A six-year statute of limitations governs the filing of breach of contract claims. G.L.c. 260, §2.

 As with any other defense which is properly and timely raised, statute of limitations questions can be decided at trial. Trinity Church in City of Boston v. John Hancock Mut. Life Ins. Co., 399 Mass. 43, 56 (1987); Moore v. Stuart, 215 Mass. 456, 459 (1913).

 Given our order for trial, it is unnecessary to address Moda’s arguments about repudiation and waiver.