JOHN J. MOORE *vs.* JUSTICES OF THE MUNICIPAL COURT OF
THE CITY OF BOSTON.

Suffolk.    December 7, 1934. — September 11, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Merger.    Judgment.    Conflict of Laws.*

A judgment of a Massachusetts court is not merged in a personal judgment later recovered upon it in a court of another State, and it still may be the basis of supplementary process here.

PETITION for a writ of prohibition, filed in the Supreme Judicial Court for the county of Suffolk on July 12, 1934.

The case was heard by *Field,* J.

*J. H. Leddy,* for the petitioner.

*S. Macmillan,* (*L. L. Wadsworth, Jr.,* with him,) for the respondents.

RUGG, C.J.    This petition for a writ of prohibition was heard upon the petition and answer.    An order was made that the petition be dismissed.    Exception by the petitioner to this order brings the case here.    The material facts are these:    On June 20, 1932, the Merrimac Chemical Company, a Massachusetts corporation, recovered judgment in the Superior Court of this Commonwealth in a civil action against the petitioner; execution issued thereon, which is still outstanding and has been only partially satisfied.    In December, 1933, the Merrimac Chemical Company brought an action in the Superior Court of Maine upon its judgment of June 20, 1932, against the petitioner; in that action the petitioner entered a general appearance and, on May 12, 1934, a personal judgment was recovered against him.    On May 28, 1934, the Merrimac Chemical Company instituted supplementary process proceedings (G. L. [Ter. Ed.] c. 224, §§ 14–30) against the petitioner in the Municipal Court of the City of Boston based upon the original judgment of June 20, 1932, recovered in this Commonwealth.    The

question argued is whether that judgment was merged in the judgment entered in the Superior Court of Maine on May 12, 1934.

The doctrine of merger is that a cause of action, when reduced to a judgment, has ceased to exist as an independent liability, has changed its nature, and has become transformed into the obligation created by the judgment. As matter of evidence, a judgment by a court having jurisdiction of the cause of action and of the parties is far more conclusive than the original cause of action. It is not open to inquiry as to consideration or other sufficiency of its binding force and is not subject to the usual statute of limitations. "A judgment is an absolute merger of a debt by simple contract, so that no action can afterwards be maintained upon the original promise." *Wyman* v. *Fabens*, 111 Mass. 77, 80. In this Commonwealth the doctrine of merger is fully established and has been extended "very far." *Attorney General* v. *American Legion of Honor*, 196 Mass. 151, 158. *Frost* v. *Thompson*, 219 Mass. 360, 367–368, and cases there reviewed. It has been held that a creditor who has voluntarily converted his demand into the form of a judgment of a court in a sister State cannot treat it as of no effect and sue in our courts on the original demand. *Henderson* v. *Staniford*, 105 Mass. 504. *Harrington* v. *Harrington*, 154 Mass. 517. The underlying principle on which the doctrine of merger rests is that a judgment is an obligation of higher quality than the original cause of action as to defences, permanence and remedies for collection. The public welfare and the interests of parties require that there be not a repetition of trials of the same issues. The reasoning on which the doctrine of merger rests is not applicable where an action on a judgment rendered in one State is brought in another State and a second judgment there recovered. No obligation of stronger attributes is thus created. Commonly, there is no difference in the quality attaching to the judgments of courts of different States. They stand on the same footing in essential particulars. One has no superiority over the other; one is of as high a nature as another. The great

weight of authority supports this view. *Griswold* v. *Hill*, 2 Paine C. C. 492. *Wells* v. *Schuster-Hax National Bank*, 23 Colo. 534. *Lilly-Brackett Co.* v. *Sonnemann*, 163 Cal. 632. *Bates* v. *Lyons*, 7 Paige, 85. *Matter of Williams*, 208 N. Y. 32, 36. *Weeks* v. *Pearson*, 5 N. H. 324. *Springs* v. *Pharr*, 131 N. C. 191, 193. *Van Winkle* v. *Owen*, 9 Dick. (N. J.) 253, 258–259. See cases collected in 44 Am. L. R. 462–464. To the same effect see Am. Law Inst. Restatement: Conflict of Laws, § 450, f, Merger, note 5; Story, Conflict of Laws (8th ed.) § 599, note (a); Beale, Conflict of Laws, 1427. See to the contrary, *Gould* v. *Hayden*, 63 Ind. 443.

We think that, on both authority and reason, the judgment against the petitioner rendered in this Commonwealth was not merged in the judgment obtained in Maine. It was therefore within the jurisdiction of the respondents to consider the supplementary process proceedings on the basis of the judgment rendered on June 20, 1932, as valid and subsisting without impairment.

*Exceptions overruled.*