**Mohammed NASSER, Plaintiff-Appellant,**
v.
**ISTHMIAN LINES, Defendant-Appellee.**
**No. 328, Docket 28591.**

United States Court of Appeals
Second Circuit.

Argued March 6, 1964.

Decided April 6, 1964.

---

Donald D. Olman, New York City, (Jacob Rassner, New York City, of counsel), for plaintiff-appellant.

Louis J. Gusmano, of Kirlin, Campbell & Keating, New York City, for defendant-appellee.

Before WATERMAN and KAUFMAN, Circuit Judges, and DIMOCK,* District Judge.

KAUFMAN, Circuit Judge:

This appeal raises the question whether the dismissal of appellant's complaint in an earlier action under Rule 37, F.R. Civ.P., for failure to answer interrogatories, operates as an adjudication upon the merits, and hence as a bar to identical causes of action asserted in a subsequent suit.

Allegedly injured in 1959 while working as a seaman aboard the defendant's vessel, plaintiff Nasser instituted an action in September, 1960, asserting claims against the defendant for negligence, unseaworthiness and maintenance and cure. In March, 1961, after defendant's answer had been filed and plaintiff's deposition had been taken, written interrogatories addressed to the plaintiff were served on his attorney pursuant to Rule 33, F.R. Civ.P. Although the Rule requires that answers be served within fifteen days after the interrogatories are submitted unless objection is taken,[1] plaintiff made no response whatsoever, and on April 14, the defendant accordingly moved to dismiss the complaint. This motion was returnable on April 26, but stipulations between the attorneys for the respective parties successively adjourned the return date to May 25, and, ultimately, to July 25, 1961.

Despite the fact that plaintiff's counsel had acquiesced in the postponements,

---

* Sitting by designation.

1. Objection must be made within ten days after service of the interrogatories, "together with a notice of hearing the objections at the earliest practicable time."

neither Nasser nor his attorney appeared in court on July 25 to contest the motion to dismiss, and, accordingly, it was granted by default. On August 2, Judge Bryan signed a formal order dismissing the complaint. The judgment on this order was entered the following day, and conformed copies of the order and judgment were duly mailed to plaintiff's attorney on August 4. Significantly, Nasser never challenged the validity of this judgment of dismissal, until it was invoked by the defendant as a bar to the present suit.

In January of 1963, or approximately two and a half years after his original complaint was filed, Nasser commenced this action. Represented by a new attorney, the plaintiff sought to join claims growing out of a subsequent, unrelated accident with two causes of action identical to those previously dismissed by Judge Bryan. As might have been expected, the defendant promptly moved for summary judgment as to these two latter claims, on the ground that Judge Bryan's dismissal precluded any further litigation as to the matters involved in the earlier suit.

It was only at this point, when he was confronted with the likelihood that the prior judgment would be afforded *res judicata* effect, that Nasser moved before Judge Bryan to vacate the judgment and order of dismissal. Noting that the year had long since expired in which a party is permitted by Rule 60(b), F.R.Civ.P., to petition for relief from a judgment for "excusable neglect," and that plaintiff had, in any event, failed to demonstrate that his neglect had been "excusable," Judge Bryan denied the motion to vacate. Shortly thereafter, on grounds of *res*

*judicata*, Judge Croake awarded summary judgment in this action on those claims which Judge Bryan had dismissed in the earlier suit. And it is this judgment, sustaining the plea of *res judicata,* which is now before us.[2]

On appeal, Nasser maintains that dismissals for failure to comply with pretrial orders should be sparingly granted, and that a failure to answer interrogatories should not bring forth such drastic sanctions in the absence of a finding that the refusal to respond was willful. See Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); Gill v. Stolow, 240 F.2d 669 (2d Cir. 1957); Waterman, An Appellate Judge's Approach When Reviewing District Court Sanctions Imposed for the Purpose of Insuring Compliance With Pretrial Orders, 29 F.R.D. 420 (1961). Applying this general rule to the present case, he insists that his conduct never amounted to the sort of deliberate defiance which would warrant the dismissal of a complaint.

While we may differ with the appellant as to specific applications, we are willing for present purposes to accept his basic proposition. In the words of Judge Clark, we believe that "a court has the responsibility to do justice between man and man; and general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default." Gill v. Stolow, supra, 240 F.2d at 670. But our adherence to this maxim cannot, as Nasser seems to believe, aid the appellant here. For, like Judge Croake, we believe that questions going to the propriety of Judge Bryan's

2. While only those portions of plaintiff's complaint pertaining to the 1959 accident were the subject of Judge Croake's award of summary judgment, an appeal at this juncture is plainly warranted. Judge Croake expressly determined that there was "no just reason for delay," and specifically directed the entry of a final judgment as to these claims; his decision is hence a final order under Rule 54, F.R. Civ.P., and therefore appealable. We should note, moreover, that while the judgment of dismissal speaks in terms of plaintiff's "first" and "third" causes of action, the "third" cause contains claims for maintenance and cure arising from a 1960 accident, unrelated to that which was before Judge Bryan in the earlier suit. Since both parties agree that Judge Croake did not intend to preclude a recovery for maintenance and cure for the 1960 accident, it is on this understanding that his judgment is affirmed.

dismissal, and the wilfulness of appellant's default in his prior action, are now foreclosed, and that the judgment below must therefore be affirmed.

In determining the effect to be afforded a Rule 37 dismissal, it is necessary that the precise provisions of the Rules be emphasized at the outset. And perhaps of even greater importance, it is essential that we recognize that the Rules were intended to embody a unitary concept of efficient and meaningful judicial procedure, and that no single Rule can consequently be considered in a vacuum. See Kaufman, Discovery—Its Philosophy and Application, Seminars for Newly Appointed United States District Judges 27 (1963).

By the terms of Rule 37(d), F.R. Civ.P., "[i]f a party * * * fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may * * * dismiss the action or proceeding or any part thereof * * *" Under Rule 41(b), F.R.Civ.P., as it existed at the time of Judge Bryan's dismissal, "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision *and any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." (Emphasis supplied.) In dismissing Nasser's first action, Judge Bryan did not "otherwise specify." Since appellant has never contended that his previous action was dismissed "for lack of jurisdiction or for improper venue," Judge Bryan's failure to provide that the dismissal was to be without prejudice was an implicit indication that it was intended to be a dismissal under Rule 41(b) and therefore on the merits.

In so holding, we do not foreclose the possibility that the reference in Rule 41

(b) to "any dismissal not provided for in this rule" was not meant to be taken literally, and that certain types of dismissals were not intended to preclude subsequent actions. See Madden v. Perry, 264 F.2d 169 (7th Cir.), cert. denied, 360 U. S. 931, 79 S.Ct. 1450, 3 L.Ed.2d 1544 (1959). Thus, in Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed. 2d 551 (1961), the Supreme Court has indicated that the preclusive effect afforded dismissals by Rule 41(b) was intended to apply only to those situations in which a defendant must incur the inconvenience of preparing to meet the merits of the plaintiff's claims because there is no initial bar to the court's reaching the merits as there would be, for illustrative purposes, if there were a defect in pleadings or parties. See 2B Barron & Holtzoff, Federal Practice and Procedure § 921.[3]

But even upon such an interpretation, appellant seems barred. For in Costello, the Court made it more than clear that a dismissal such as that involved in the present case was to be subject to the provisions of Rule 41(b). "Thus," the Court observed, "a *sua sponte* dismissal by the Court for failure of the plaintiff to comply with an order of the Court" should be treated as a final and binding adjudication; "here too,", the Court noted, "the defendant has been put to the trouble of preparing his defense because there was no initial bar to the Court's reaching the merits." 365 U.S. at 286–287, 81 S.Ct. at 545, 5 L.Ed.2d 551. Even more significantly for present purposes, the Court cited as an example of such a dismissal United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), in which a civil action to enjoin alleged antitrust violations was dismissed upon the government's failure to obey a pretrial discovery order. And in Procter & Gamble, the Court had strongly

---

3. On much the same theory, the Advisory Committee on the Rules of Civil Procedure recommended in 1954 that dismissals for failure to join an indispensable party, like those for lack of jurisdiction or improper venue, be excepted from the terms of Rule 41(b). See 5 Legislative History of Rules of Civil Procedure—Amendments 1954/56 at p. 41. This proposal was eventually adopted, and was incorporated in the 1963 amendments to the Federal Rules.

suggested that a Rule 37 dismissal was an adjudication upon the merits. 356 U.S. at 680 n. 4, 78 S.Ct. at 985, 2 L.Ed. 2d 1077. See also Hubbard v. Baltimore & Ohio R.R. Co., 249 F.2d 886 (6th Cir. 1957); Mooney v. Central Motor Lines, Inc., 222 F.2d 569 (6th Cir. 1955).

We are thus constrained to hold that Judge Bryan's dismissal of Nasser's first complaint acted as a bar to the identical causes of action asserted here, and that questions relating to the propriety of that earlier dismissal which clearly could have been litigated in that action if raised in a proper and timely manner are now foreclosed. But even if this result were not required by the terms of Rule 41(b),[4] it would seem necessary as a matter of sound judicial administration.

As we have suggested, Nasser had countless opportunities to challenge the validity of the order and judgment of dismissal. His counsel was fully aware of the return date of the motion to dismiss; indeed, defendant's motion was twice adjourned by agreement with Nasser's Attorney. Although the motion was finally heard approximately three months after it was initially returnable, the plaintiff and his counsel did not appear to argue before Judge Bryan that the failure to answer interrogatories might have been excusable, as was the case in Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers, supra, or that sanctions less drastic than dismissal were called for. Finally, under Rule 60(b) the plaintiff had an entire year in which to move to vacate the dismissal for "excusable neglect," but such a motion was not made until well after this time had elapsed, and even then, only after Nasser was prodded to do so by defendant's motion to dismiss the present action on grounds of *res judicata*. In the

light of so sad a history of dilatory conduct, a holding that Nasser may simply ignore his default and the court's order and judgment—as if they did not exist—and now raise the same claims that were dismissed by Judge Bryan would be to place a premium on default, carelessness and callousness to duty, and would tend to consign the procedural rules designed for expedition in litigation to oblivion. If this conduct were condoned, litigants or their counsel could turn a deaf ear to the processes of the court with impunity, suffering dismissals only to arise phoenix-like in new actions based on the same allegations which the plaintiff years prior failed to litigate. In a judicial system operating within a framework of rules created "to secure the just, speedy, and inexpensive determination of every action," such a situation is patently intolerable. Rule 1, F.R.Civ.P.

Faced with a similar problem, the Court of Appeals for the Ninth Circuit was forthright in its response: "Counsel for litigants, no matter how 'important' their cases are, cannot themselves decide when they wish to appear, or when they will file those papers required in a law suit. Chaos would result. * * * There must be some obedience to the rules of court; and some respect shown to the convenience and rights of other counsel, litigants, and the court itself." Smith v. Stone, 308 F.2d 15, 18 (9th Cir. 1962). In this, one of the busiest Circuits of the nation, these words take on added force. Indeed, we have ourselves often stressed the necessity of compliance with procedural rules, and the impossibility of ameliorating the congested conditions of the District Court calendars if cases are permitted to drag on indefinitely. As we recently had occasion to observe, "[i]f we are ever to bring the dockets of our trial courts up-to-date and

---

4. Despite appellant's argument to the contrary, nothing contained in the Supreme Court's opinion in Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers, supra, would suggest that the *effect* of Rule 37 dismissals was not to be determined by Rule 41(b). There, the Court merely held

that the standards for *granting or denying* a motion to dismiss based on the failure to comply with pre-trial orders must be governed by Rule 37; here, on the other hand, the motion has already been granted under Rule 37(d), and we are concerned with its effect upon subsequent litigation.

current, the dead wood that has accumulated over the years must be cleared away." Demeulenaere v. Rockwell Mfg. Co., 312 F.2d 209, 210 (2d Cir. 1962); see also Bardin v. Mondon, 298 F.2d 235, 237 (2d Cir. 1961); Joseph v. Norton Co., 273 F.2d 65 (2d Cir. 1959).

■ If these and similar expressions of concern for the orderly and efficient administration of justice are not to be wholly disregarded, the judgment below must clearly be affirmed. And while Nasser, through his new attorney, seeks to fasten responsibility for the dismissal of his first action upon the derelictions of his then counsel, his contentions in this regard must plainly be rejected. As Judge Bryan observed in denying the motion to vacate, "plaintiff was frequently in the Port of New York * * * and never took the trouble to communicate with his attorney concerning his pending action or what might happen concerning it. In turn, his attorney could have had no difficulty in getting in touch with plaintiff if he wished to do so." In the words of the Supreme Court, the plaintiff "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" Link v. Wabash R. R. Co., 370 U.S. 626, 633–634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). Cf. Nederlandsche Handel-Maat Schappij, N. V. v. Jay Emm, Inc., 301 F. 2d 114 (2d Cir. 1962).

■ As a final measure, appellant asserts that the dismissal of his complaint, and the application of the doctrine of res judicata to that dismissal deprives him of due process of law. Such a contention is plainly without merit. Indeed, as early as 1909, the Supreme Court re-jected similar constitutional objections to a dismissal for failure to obey a pretrial discovery order. Hammond Packing Co. v. State of Arkansas, 212 U.S. 322 29 S.Ct. 370, 53 L.Ed. 530 (1909). Dealing there with a defendant's refusal to comply with an order to produce material evidence, the Court emphasized that the dismissal was not a punitive measure, but rather found its roots in "the undoubted right of the lawmaking power to create a presumption of fact as to the bad faith and untruth of an answer to be gotten from the suppression or failure to produce the proof ordered." 212 U.S. at 350–351, 29 S.Ct. at 380, 53 L.Ed. 530. In this regard, the declaration of the Court in Costello v. United States, supra, that a dismissal for failure to obey a court order, or to comply with the Rules of Civil Procedure will be subject to the terms of Rule 41(b), and hence will be deemed an adjudication upon the merits unless the court otherwise specifies, is but a more recent recognition of this "undoubted right." In short, the application of the doctrine of res judicata is no less consistent with the constitutional guarantee of due process of law in this case than it is in any other; the concept of finality in litigation would not long survive if a plaintiff might egregiously sleep on his rights in one suit, suffer a dismissal for that reason, and then bring another action before the statute of limitations has expired but nevertheless at a time when it suits him, on precisely identical grounds.

It would serve little purpose here to repeat the many opportunities which were open to the plaintiff to prevent the dismissal of his first action. Nasser having wantonly ignored court orders, a court judgment and the Rules of Civil Procedure, it would be unreasoned and unreasonable to permit him to take advantage of such conduct and to relitigate the same issues in a subsequent action. In a complex and litigious society, procedural anarchy cannot be condoned.

The judgment is affirmed.