415 F.2d 756
 Maxwell HANDELSMAN, as Trustee in Bankruptcy in the Estate
of Furniture, Textiles & Wallcoverings, Inc.,
Bankrupt, Plaintiff-Appellant,
v.
LAVERNE INTERNATIONAL, LTD., Estelle Laverne and Erwine
Laverne, Defendants-Appellees.
 No. 19, Docket 33380.
 United States Court of Appeals Second Circuit.
 Argued Sept. 11, 1969.
Decided Sept. 18, 1969.
 
 Jacob Oliner, New York City (Byron Dresner, New York City, on the brief), for plaintiff-appellant.
 Daniel Rhoades, New York City (Rhoades & Rhoades, New York City, on the brief), for defendants-appellees.
 Before LUMBARD, Chief Judge, SMITH and FEINBERG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Maxwell Handelsman, Trustee in Bankruptcy of Furniture, Textile and Wallcoverings, Inc., appeals from a dismissal with prejudice of his plenary action to avoid certain allegedly fraudulent transfers and for an accounting against appellees Laverne International, Ltd., Estelle Laverne and Erwine Laverne. The suit was dismissed by Lloyd F. MacMahon, J., in the United States District Court for the Southern District of New York in January 1969 because appellant refused to proceed to trial when the judge refused a request for an adjournment of one week to allow appellant to subpoena eight hostile witnesses. Appellant argues that the judge abused his discretion and that the dismissal with prejudice deprived plaintiff of property without due process of law.
 
 
 2
 A careful review of the record reveals that: Appellant's attorney knew on December 16, 1968 that the case was assigned for trial before Judge MacMahon; nevertheless, counsel took no action to subpoena the alleged hostile witnesses although he knew that the cases ahead of his were diminishing; when advised by telephone that the case would be called for trial the next morning, counsel appeared before Judge MacMahon in the early afternoon to request an adjournment of one week; counsel had listed thirteen, not eight, witnesses in the pre-trial order; counsel had had ample opportunity to obtain evidence by taking depositions of the proposed witnesses and, in the case of at least one of the defendants, had done so; plaintiff's case had dragged along since the spring of 1965; no adequate reason was given why plaintiff could not at least commence his case, as the judge suggested, by picking a jury and making opening statements while taking steps to subpoena the alleged hostile witnesses; and, finally, no motion was made in the district court for post-judgment relief setting forth all the facts relied on by appellant, only some of which are in the record before us.
 
 
 3
 We are aware that appellant, as a trustee, represents interests of creditors and that perhaps the trial judge could have been more tolerant of counsel's request for delay and granted a short continuance. However, on the record as a whole and in view of the congested dockets in the trial court and the need for expedition in dealing with them, we cannot say that the judge's action in dismissing after a flat refusal by plaintiff's counsel to proceed amounted to abuse of discretion. Davis v. United Fruit Co., 402 F.2d 328 (2d Cir.) and cases cited therein, cert. denied, 393 U.S. 1085, 89 S.Ct. 869, 21 L.Ed.2d 778 (1969). The argument that the dismissal with prejudice was unconstitutional is without merit. Nasser v. Isthmian Lines, 331 F.2d 124, 129 (2d Cir. 1964); cf. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).