Bubton S. Sheehan, J.
Defendants move to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 5) claiming res judicata as the result of the dismissal of the identical action in the Federal court. It is by a longshoreman against a shipping company for personal injuries.
The dismissal in the Federal court, Southern District of New York was the result of the failure of the plaintiff to appear for an examination before trial pursuant to a direction by the court.. Judgment dismissing the complaint was also issued pursuant to court order. The order did not specify that the dismissal was without prejudice.
*914 It is the general rule that the res judicata effect of a judgment is to be determined by the law of the State in which the judgment is rendered. (Hinchey v. Sellers, 5 A D 2d 440 reversed on other grounds) N Y 2d 287; Johnson v. Muelberger, 340 U. S. 581, 584; 8 N Y Jur., Conflicts of Law, § 37; Restatement, Conflict of Laws, § 450.) This also applies to the Federal jurisdiction (Garvin v. Garvin, 302 N. Y. 96; Oceanic Steam Nav. Co. v. Compania Transatlantic Espanola, 134 N. Y. 461.)
Subdivision (b) of rule 41 of the Federal Rules of Civil Procedure (U. S. Code, tit. 28, Appendix, § 41, subd. [b]) states: “ Involuntary dismissal: effect thereof. For failure of the plaintiff '* * * to comply with these rules or any order of the court, a defendant may move for dismissal of an action of any claim against him * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits.”
This rule has been held to have the effect of res judicata in Federal courts. Thus where a case was originally dismissed for failure to answer written interrogatories, a new action in the Federal court based upon the same claim was dismissed as res judicata. (Nasser v. Isthmian Lines, 331 F. 2d 124.)
While the court is aware of the fact that such a dismissal would not be considered on the merits in New York (Clark v. Scovill, 198 N. Y. 279) it is bound to follow the New York conflicts of law rule.
The motion is granted and the complaint dismissed.