Order accordingly.

Andrew A. Caffrey, Ch. J.

**John F. KUDAROSKI, Plaintiff**

v.

**Paul F. HELLMUTH, George F. DORIOT, Noel MORSS, C. William ANDERSON, John P. KENDALL, Michael C. MAZZOLA, THE FRANKLIN FOUNDATION, AND THE CITY OF BOSTON, Defendants**

No. 79-2489-C

United States District Court
Commonwealth of Massachusetts

**March 16, 1981**

**Cornelius J. Moynihan, Jr.,** counsel for Plaintiff

**Harry L. Lynch, George N. Heos, Jr., Thomas Miller, AAG,** counsel for defendants

## MEMORANDUM

**CAFFREY, Ch. J.** This is a civil rights action against the Franklin Foundation, Executive Committee members of the Foundation, the Director of the Franklin Institute, and the City of Boston. All the defendants except the City have moved for summary judgment on the ground that the action is barred by the doctrine of res judicata.

The plaintiff alleges that he suffered a demotion and then termination of his faculty status at the Franklin Institute of the City of Boston due to the unlawful and conspiratorial actions of the defendants. The complaint claims that the defendants sought to penalize the plaintiff for the exercise of his First Amendment rights of free speech and expression, particularly his comments on the present and future management of the Institute.

The underlying facts of this controversy have been the subject of two prior court actions. The plaintiff, acting **pro se,** sought a state court temporary restraining order and a preliminary injunction in March 1977 against the defendant Michael Mazzola, Director of the Franklin Institute, seeking to prevent the implementation of a January 6, 1977 letter in which Mazzola removed Kudaroski as Drafting Department Head at the Institute. A Superior Court judge denied the relief on March 25, 1977, finding that the defendant had breached no contractual right of the plaintiff.[1] Although some of the facts at issue here were discussed in the 1977 state court action, I rule that the claim in the state case, Superior Court C.A. No. 19490, was not the same as the cause of action now before the Court. The plaintiff had not yet received his letter of dismissal when he went to state court in 1977, and no allegation or decision had been made on any constitutional claims. The present claim is not res judicata on the basis of the state action.

The plaintiff also brought a **pro se** federal court action in 1977, seven months after the state court decision, and I rule that the cause of action in the 1977 federal action was the same substantive claim as the one presently before the Court. The 1977 federal case, C.A. No. 77-3208-C, included charges of unlawful termination and constitutional violations. The Court observed in a memorandum on July 11, 1978 that the 1977 federal complaint was characterized by "diffuseness, prolixity, argumentative character," and "redundancy", all to such an extent that the plaintiff's jurisdictional and substantive allegations were obscured. The gravamen of the **pro se** 1977 action was certainly, however, the same as that put forward in the present amended complaint prepared by court-appointed counsel; **i.e.,** plaintiff was unlawfully demoted and terminated after fourteen years of service as a Franklin Institute

faculty member for speaking out on controversial issues of concern to the Institute. Identity of claims is, of course, a precondition of res judicata. **Landrigan v. City of Warwick,** 628 F. 2d 736, at 741 (1st Cir. 1980). I rule that the precondition is met as between C.A. No. 77-3208-C and C.A. No. 79-2489-T.

This Court dismissed C.A. No. 77-3208-C with prejudice under Fed. R. Civ. P. 41(b) on July 11, 1978. It ruled that the plaintiff failed to comply with a court order to furnish a more definite statement and, after receiving leave to amend in order to comply with Fed. R. Civ. P. 8(a), (e)(1), failed to comply with such rule.[2] Rule 41(b) dismissals operate as adjudications upon the merits unless the dismissals were for "lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19." Fed. R. Civ. P. 41(b).

The decisive issue on this motion for summary judgment is whether or not any persuasive reason exists for not giving the earlier 41(b) dismissal res judicata effect. If none appears, the defendants are entitled to judgment as a matter of law.

A 41(b) dismissal on jurisdictional grounds will not operate as an adjudication upon the merits **Costello v. United States,** 365 U.S. 265, 285 (1961), established that jurisdictional dismissals within the meaning of Rule 41(b) are not narrowly confined to dismissals based on "fundamental jurisdictional defects." The jurisdictional exception includes "those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." **Costello, supra,** at 285. The pleading defects of the **pro se**

---

[1] The plaintiff appealed, unsuccessfully, to the appellate courts of Massachusetts.

[2] Plaintiff argues in his briefs that one ground for that 1978 dismissal was unjustified The time to question the propriety of the dismissal was on appeal. That issue is now foreclosed. **Nasser** v. **Isthmian Lines,** 331 F.2d 124 (2d Cir. 1964).

plaintiff in C.A. No. 77-3208-C might be considered preconditions within the **Costello** rule. **Truvillion v. King's Daughters Hospital,** 614 F. 2d 520 (5th Cir. 1980). The 1977 action was dismissed; however, not merely for failure to comply with Rule 8(a) and 8(e)(1), but also for failure to comply with a court order. Failure to follow court orders is an appropriate ground for a Rule 41(b) dismissal, and the **Costello** decision, **supra.** at 286-7, specifically noted that dismissals on such a ground will have res judicata effect. **Nasser v. Isthmian Lines, supra** at 126; **Papilsky v. Berndt,** 466 F. 2d 251 (2d Cir. 1972), **cert. denied** 409 U.S. 1077 (1972).

The plaintiff observes that res judicata is an equitable doctrine, "and a court is not bound to give res judicata effect to a previous judgment if an inequitable situation would thereby result." **Walsh v. International Longshoremen's Assoc.,** 630 F. 2d 864 (1st Cir. 1980). Plaintiff seeks an equitable reprieve from res judicata because his failure to follow an earlier court order stemmed from his **pro. se** status. The Court reads all **pro se** complaints liberally, and it freely grants leave to amend, as it did in the plaintiff's first federal action. There are limits, however, to the accommodation that the judicial system can offer **pro se** litigants. One of them is reached when such litigants seek to move beyond the principle behind res judicata, the prevention of duplicative litigation, due to their own mistakes. A client is bound by his attorney's actions in earlier litigation, even if he later has doubts. **Lovely v. Laliberte,** 498 F. 2d 1264 (1st Cir. 1974). So a **pro se** litigant must bear the cost of his own earlier actions, even if he later realizes the error of his ways. To rule otherwise would be to subject parties opposing **pro se** litigants to continuous and never ending litigation. **Lovely, supra.**[3]

The 1977 federal action was against two of the defendants sued in the present litigation, Kendall as President of the Franklin Foundation and Mazzola as Director of the Franklin Institute. I find that a relationship of privity existed between Kendall and Mazzola and the other defendants in this action. The Franklin Foundation and its Executive Committee members, as well as the Director of the Institute, were agents for the City of Boston in managing the Institute. **Lambert v. Conrad,** 536 F. 2d 1183 (7th Cir. 1976). I rule, therefore, that this action is barred by the doctrine of res judicata, due to the preclusive effect of an earlier Rule 41(b) dismissal, as against all defendants, including the principal among the defendants, the City of Boston and that the defendants are entitled to judgment as a matter of law.

Order accordingly.

**Andrew A. Caffrey, Ch. J.**

---

[3]Plaintiff argues that it would be inequitable to apply res judicata here, given the Court's observation in its July 11, 1978 memorandum that pleading "defects also impede any possible application of the doctrine of res judicata." That statement was made on the assumption that some of the claims in the voluminous 1977 complaint might already have been res judicata, and that pleading vagaries denied the defendants that defense. The observation does not go to the appropriateness of applying res judicata now, since this Court has ruled that the present claim was certainly part of the bundle of claims presented in the 1977 complaint.