Antonio ENCISO and Carlota ENCISO
vs.
Louis ZEGARELLI and Angela ZEGARELLI

Nos. 8662, 8663, 8664

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

July 31, 1981

713

Philip E. Heckman, Esq. counsel for plaintiff
Robert Avrom Goldberg, Esq. counsel for defendant

## OPINION

COWDREY, P.J. The three cases **sub judice** are actions commenced by the plaintiffs on February 27, 1980 to recover damages resulting from the defendants' alleged failure to complete the construction of certain buildings at 81 Lexington Street, Watertown, Massachusetts. Said buildings were purchased by the plaintiffs from the defendants on March 15, 1974.

The reports indicate that the present plaintiffs originally brought suit against the present defendants on June 2, 1975 for breach of warranty and negligence in the construction of the same buildings in Watertown, Massachusetts. The defendants submitted interrogatories to the plaintiffs in that action on July 9, 1975. On the basis of the plaintiffs' failure to answer these interrogatories, the defendants applied on August 12, 1975 for a "nonsuit" pursuant to Dist./Mun. Cts. R.

Civ. P. 33(a). Notice of the defendants' motion was forwarded to the plaintiffs.

Thereafter, on August 20, 1975, the parties entered into a stipulation extending to September 18, 1975 the time for filing the plaintiffs' answers to the defendants' interrogatories. On September 19, 1975 a notice of a Rule 33(a) dismissal was issued to both parties due to the plaintiffs' failure to submit answers. On October 16, 1975, both parties filed a second stipulation which extended the applicable time period to November 14, 1975. Finally, upon the plaintiffs' continued failure to respond to the interrogatories propounded by the defendants, the lower court entered a judgment of dismissal under Rule 33(a) on December 5, 1975. The plaintiffs apparently made no effort to secure an appeal of this judgment.

Approximately four years later, the plaintiffs instituted the present actions against the same defendants. The parties have stipulated that these actions involve the same buildings and dwellings at issue in the 1975 suit. The complaints are not before us. It is indicated in the reports, however, that Appellate Division No. 8662 (Cambridge Division No. 635-80) seeks recovery for the same damages declared in the 1975 action; that Appellate Division No. 8663 (Cambridge Division No. 636-80) claims certain damages "allegedly not ascertainable to the plaintiffs until January 14, 1978;" and that Appellate Division No. 8664 (Cambridge Division No. 637-80) pertains to elements of damage "allegedly not ascertainable to the plaintiffs until August 12, 1979."

All three actions were dismissed on April 2, 1980 upon defendants' motion on the grounds of res judicata.

1. The sole question posited by the plaintiff's appeal is whether the Dist./Mun. Cts. R. Civ. P. 33(a) dismissal of the original action herein constituted res judicata so as to preclude the present suits. The plaintiffs correctly contend

that res judicata has traditionally not been operative as a bar to subsequent litigation unless the prior judgment was rendered on the merits of the case. Familiar common law doctrine states that:

> "A cause of action once finally determined, without appeal between the parties, on the merits, by any competent tribunal, cannot afterwards be litigated by new proceedings either before the same or any other tribunal. **But no such effect is attributable to a decree** dismissing a bill for want of jurisdiction, failure of prosecution, want of parties or any other cause **not involving the essential merits of the controversy.** (emphasis supplied)."

**Farnum** v. **Brady,** 269 Mass. 53, 59 (1929). See also, **Custody of a Minor,** 375 Mass. 733, 741-742 (1978); **Curley** v. **Curley,** 311 Mass. 61, 66 (1942). Thus a nonsuit resulting from a procedural irregularity or entered with the consent of the parties has not been customarily viewed as a judgment on the merits so as to constitute res judicata. See, **e.g., Guild** v. **Cohen,** 269 Mass. 241, 242-243 (1929).

The adoption of uniform rules of civil procedure,[1] however, signalled a change in the traditional concept of res judicata in the sense that the category of preclusive judgments has been expanded under the rules to include dismissals entered on other than purely substantive grounds. **Weston Funding Corp.** v. **Lafayette Towers, Inc.,** 550 F.2d 710, 713 (2nd Cir. 1977). Rule 41(b)(3) of the Dist./Mun. Cts. R. Civ. P., for example, specifically states that:

> "unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision(b) **and any dismissal not provided for in this rule,** other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, **operates as an adjudication upon the merits**" (emphasis supplied).

Rule 33 of the Dist./Mun. Cts. R. Civ. P. does not disclose the effect to be accorded a dismissal entered thereunder. A literal construction of Rule 41(b)(3), however, would permit a finding herein that the dismissal of the parties' original action on the basis of the plaintiff's failure to respond to interrogatories constituted a "dismissal not provided for" in Rule 41, and thus operated as an adjudication upon the merits for res judicata purposes. See, **Nasser** v. **Isthmian Lines,** 331 F.2d 124, 127 (2nd Cir. 1964). Compare **Societe Internationale Pour Participations Industrielles** v. **Rogers,** 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255, 1264-1265 (1958). Conversely, the Rule 33(a) dismissal of the parties' original action could be deemed a dismissal for the plaintiffs' "failure ... to comply with (those) rules" governing discovery. So viewed, the dismissal would be within the purview of Rule 41(b)(2) and would automatically operate as an adjudication upon the merits under Rule 41(b)(3).

This analysis of the effect of a discovery-oriented judgment of dismissal finds some support, albeit limited, in case decisions. The Southern District of this Division held in **Porter** v. **Ackerman,** 1979 Mass. App. Div. Adv. Sh. 329 that:

---

[1] This action was clearly governed by the Rules of Civil Procedure for the District and Municipal Courts. Although the plaintiffs' cause of action arose, and suit was instituted, prior to the July 1, 1975 effective date of the Rules, all procedural steps relative to the defendants' interrogatories and the plaintiffs' failure to answer the same were taken after July 1, 1975. Rule 1A of the Dist./Mun. Cts. R. Civ. P. provides, in relevant part, that: "3. All Procedure after July 1 with respect to a pending matter in which a procedural step was taken before July 1 will be governed by the new Rules; where necessary, the trial court will analogize nomenclature."

"Although no Massachusetts case has been brought to our attention dealing with **res judicata** implications of a judgment based upon failure to answer interrogatories, we hold that a judgment of dismissal based upon failure to file answers to interrogatories is a judgment 'on the merits' for purposes of **res judicata.** Dist./Mun. Cts. R. Civ. P., Rule 41 (b)(3)."

**Ibid.** at 333. In affirming the decision of the Southern District, the Supreme Judicial Court stated:

"It appears from G.L. c. 231, s.64 and Superior Court Rules 36 36 and 27 ... that a judgment of nonsuit for failure to answer interrogatories was intended to operate with full preclusive effect, unless vacated or set aside by the plaintiff ... It may be added that under Mass. R. Civ. P. 33(a), 368 Mass. 906 (1975), and 37(d), 41(b)(3), 365 Mass. 797, 803 (1974), certain failures to answer interrogatories may result similarly in preclusion of claims."

**Porter** v. **Ackerman,** 1980 Mass. Adv. Sh. 688, 689.

On the basis of the **Porter** v. **Ackerman** holding and the unambiguous terminology of Dist./Mun. Cts. R. Civ. P. 41(b)(3), we find that the Rule 33(a) judgment of dismissal in the plaintiff's original suit operated as an adjudication upon the merits and thus as a bar to the present actions on the grounds of res judicata. It may be noted that although a substantive trial on the merits is to be preferred over a technical or procedural disposition of a controversy, every party is nevertheless obligated to diligently and conscientiously endeavor to effect an end to litigation. A period of five months elapsed herein during which the plaintiffs evaded the defendants' discovery attempts and ignored all stipulations undertaken to facilitate their cooperation. Neither postjudgment relief in the trial court nor appellate review was sought by the plaintiffs to vacate the ultimate dismissal of their original suit. Another four years was then permitted to pass before the plaintiffs renewed their claim for damages in the instant actions. In view of such conduct, a contrary determination by this Division as to the effect of the 1975 judgment of dismissal would

"place a premium on default, carelessness and callousness to duty and would tend to consign the procedural rules designed for expedition in litigation to oblivion. If this conduct were condoned, litigants or their counsel would turn a deaf ear to the processes of the court with impunity, suffering dismissals only to rise phoenix-like in new actions based on the same allegations which the plaintiff years prior failed to litigate. In a judicial system operating within a framework of rules created 'to secure the just, speedy and inexpensive determination of every action,' such a situation is intolerable."

**Nasser** v. **Isthmian Lines, supra** at 128.

2. The res judicata effect of the 1975 judgment of dismissal bars all three of the plaintiffs' present suits. The plaintiffs' allegation that the damages sought in cases 636-80 (Appellate Division No. 8663) and 637-80 (Appellate Division No. 8664) were not ascertainable until after the entry of the 1975 judgment does not render these cases new or different causes of action.

The plaintiffs' original suit was for both breach of contract and negligence in the construction of the Watertown buildings. "A cause of action for breach of contract accrues at the time of breach ... even though the damages may not be sustained until later." **DiGregorio** v. **Commonwealth,** 1980 Mass. App. Ct. Adv.

Sh. 1559. Similarly, absent an allegation of fraudulent concealment, an action in tort arises at the time of the injury-producing conduct, and all damages must be assessed in one proceeding. **Pasquale v. Chandler,** 350 Mass. 450, 455-458 (1966); **Dearden** v. **Hey,** 304 Mass. 659, 661 (1939). The "discovery rule" advanced by the plaintiffs is inapplicable here, as such rule is designed to postpone the accrual date of causes of action only when the defect in question is "inherently unknowable." **Hendrickson** v. **Sears,** 365 Mass. 90 (1974). The institution of the plaintiff's original suit conclusively establishes that the plaintiffs were aware of some defects in the construction of the Watertown buildings before June of 1975. The fact that the plaintiffs did not appreciate the extent of the damage until later is immaterial. **Mansfield** v. **GAF Corp.,** 5 Mass. App. Ct. 551, 555 (1977). It is well established that res judicata bars the retrial of every issue which in fact was or **in law might have been litigated** in the earlier action. **Fitzgerald** v. **Granville,** 54 Mass. App. Dec. 180, 182 (1974) and cases cited.

Only one cause of action against the defendants accrued to the plaintiffs despite the extent, or the different elements, of the damages embodied in such cause. All aspects of the alleged liability of the defendants to the plaintiffs ultimately became merged in, and ceased to exist apart from, the judgment of dismissal entered in 1975. See generally, **Dwight** v. **Dwight,** 371 Mass. 424, 427 (1976); **Moore** v. **Municipal Court of Boston,** 291 Mass. 504, 505 (1935).

3. There being no error in the lower court's dismissal of the plaintiffs' cases on the grounds of res judicata, the reports are hereby dismissed.

**So ordered.**

**Elliot T. Cowdrey, P.J.**
**James B. Tiffany, J.**
**L. Lawrence Jodrey, J.**