**Karen Tiano CHISHOLM**
**vs.**
**Robert SENNETT**

**No. 8715**

Appellate Division of the
District Court Department
Northern District
Commonwealth of Massachusetts

**November 15, 1982**

**Jane M. Hong,** counsel for plaintiff.
**William S. Lockyer, Esq.,** counsel for defendant.

## OPINION

**Cowdrey, P.J.** This is a consumer protection action pursuant to. G.L. c. 93A, ss. 2 and 9 to recover damages for the defendant's alleged unfair and deceptive acts in the sale of a used motor vehicle to the plaintiff.

The plaintiff's complaint indicates that on or about November 23, 1977 the plaintiff purchased a used 1974 Oldsmobile Cutlass from D and D Auto Sales, Inc. The defendant, Robert Sennett, was at that time president of the corporation. The present G.L. c. 93A action was instituted against defendant Sennett on July 7, 1980. The plaintiff's purchase of the used motor vehicle in question had, however, been the subject of two previous suits by the plaintiff.

The first suit was commenced by the plaintiff on May 9, 1978 as a small claims action in the Waltham Division of the District Court Department against the individual defendant "Robert Sennett, doing business as D & D Auto Sales." The small claims complaint stated that the plaintiff "bought the car from defendant and it hasn't run properly since the first day purchased. (The defendant) has not repaired car." Judgment was entered, after.hearing, for the defendant on June 16, 1978. On June 22, 1978 the plaintiff

filed a "Motion to Remove Judgement or for a New Trial" which was allowed on July 10, 1978. Eight months later, on March 12, 1979, the small claims action was simply marked "Dismissed" without any further clarification.

In June, 1979, the plaintiff instituted a civil action in the Waltham Division against D & D Auto Sales, Inc. for breach of express and implied warranties in the sale of the used motor vehicle in question. A default judgment in the sum of $722.15 was entered against the corporate defendant on October 19, 1979; and execution was issued on November 1, 1979. Thereafter, a supplementary process action against Robert J. Sennett to collect this judgment was dismissed on January 21, 1980 with the notation that "Debtor Sennett is wrong party."

On the basis of the previous two suits arising out of the motor vehicle sale at issue, the defendant in the present action submitted a Motion for Judgment on the Pleadings on January 23, 1981. Treating this motion as one for summary judgment pursuant to Dist./Mun. Cts. R. Civ. P. 56, the trial court entered judgment for defendant Sennett on the following grounds:

"I find that the plaintiff previously commenced a suit against the defendant to recover damages, in contract, arising out of the same transaction. After hearing, judgment entered for the defendant on June 16, 1978.

"On July 10, 1978, plaintiff's motion for a new trial was allowed, but she never remarked the case for trial and it was thereafter dismissed.

"The plaintiff then sued a corporation for same cause of action and failed to join the individual defendant as a necessary party. The plaintiff recovered judgment against the corporation and holds an execution against it in the amount of $722.15.

"Plaintiff now seeks to sue the individual pursuant to General Laws Chapter 93A for the same cause of action.

"Defendant's Motion for Summary Judgment is allowed."

The plaintiff is presently before this Division on a charge of error in the trial court's allowance of the defendant's Dist./Mun. Cts. R. Civ. P. 56 motion for summary judgment.

1. The trial court's summary judgment for the defendant herein was obviously premised upon the court's determination that the plaintiff's present suit was barred under the principles of prior adjudication.[1] It is familiar law that:

"Judgment in a prior action precludes subsequent litigation when the two cases involve the same parties, final judgment on the merits by a court of competent jurisdiction, and the same cause of action."

**Bradford v. Richards**, Mass. App. Ct. (1981).(a) See also **Almeida v. Travelers Ins. Co.**, Mass. (1981)(b); **Magew v. Beals**, 272 Mass. 334, 338 (1930); **Farnum v. Brady**, 269 Mass. 53, 55 (1929). Utilizing this three-prong standard in the case sub judice, it is clear that neither the dismissal of the plaintiff's small claims proceeding aginst defendant Sennett nor the default judgment entered against D & D Auto Sales, Inc. in the plaintiff's breach of warrant action, constitutes a prior adjudication which precludes the plaintiff's present suit.

2. It is undeniable that the present action and the small claims proceeding commenced on May 9, 1978 by the plaintiff are suits involving the same

---

[1]The traditional terms "res judicata" and "collateral estoppel" have been generally replaced by "claim preclusion," "issue preclusion" and related language derived from the Restatement (Second) of Judgments. See, **Almeida v. Travelers Ins. Co.**, Mass. Adv. Sh. (1981) 773, 773-774 n.1; **Foster v. Evans,** Mass. Adv. Sh. (1981) 2320, 2327 et seq.
a-Mass. App. Ct. Adv. Sh. (1981) 647, 649.
b-Mass. Adv. Sh. (1981) 773, 776.

parties and the same claim or cause of action.[2] The dismissal of the plaintiff's small claims action against defendant Sennett does not bar the present G.L. c. 93A suit, however, as such dismissal did not constitute a judgment "on the merits," was not entered "with prejudice" and was apparently not intended to operate with a preclusive effect on subsequent litigation.

It has traditionally been deemed essential to a successful assertion of a **res judicata** defense that the judgment in the prior action was a substantive determination of the merits of the case. **Custody of a Minor,** 375 Mass. 733, 741-742 (1978); **Curley v. Curley,** 311 Mass. 61, 66 (1942). The judgment entered after hearing for defendant Sennett in the small claims action at issue was vacated upon motion by the plaintiff, and a new trial was ordered. No new trial or hearing was conducted prior to the dismissal of the case. Thus said dismissal was unrelated to any substantive consideration of the merits of the plaintiff's claim.

A determination that the dismissal in question was not a judgment on the merits does not, however, resolve all questions pertaining to the potentially preclusive effect of this order. This is because "the adoption of uniform rules of civil procedure signalled a change in the traditional concept of **res judicata** in the sense that the category of preclusive judgments has been expanded under the rules to include dismissals entered on other than purely substantive grounds."[3] **Enciso v. Zegarelli,** 1981 Mass. App. Div. 171, 172. See also **Weston Funding Corp. v. Lafayette Towers, Inc.,** 550 F.2d 710, 713 (2nd Cir. 1977). A primary example of this expansion of the principles of prior adjudication can be found in Dist./Mun. Cts. R. Civ. P. 41(b)(3) which provides that an involuntary dismissal for plaintiff's failure to prosecute or to comply with a procedural rule or court order, and "any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule

19, operates as an adjudication upon the merits." Both the trial court and the plaintiff herein have apparently utilized the provisions of Rule 41 to measure the possible **res judicata** implications of the small claims dismissal order. Said order cannot be properly characterized, however, as either a Rule 41(a) or 41(b) disposition.

The plaintiff contends that the dismissal in question was entered at her request[4] pursuant to Dist./Mun. Cts. R.

---

[2] A "claim" may be defined for preclusion purposes as a "transaction or series of connected transactions, out of which the action arose." Restatement (Second) of Judgments, s.24.

[3] Indeed, the phrase "on the merits" has been deleted from s.19 of the Restatement (Second) of Judgments which sets forth the General Rule of Bar. Comment a to s. 19 states:

"It is frequently said that a valid and final personal judgment for the defendant will bar another action on the same claim only if the judgment is rendered 'on the merits.' The prototype case continues to be one in which the merits of the claim are in fact adjudicated against the plaintiff after trial of the substantive issues. Increasingly, however, by statute, rule or court decision, judgments not passing directly on the substance of the claim have come to operate as a bar. Although such judgments are often described as 'on the merits' or as 'operating as an adjudication on the merits,' that terminology is not used here in the statement of the general rule because of its possibly misleading connotations.

"The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end. These considerations may impose such a requirement even though the substantive issues have not been tried, especially if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding, or has deliberately flouted orders of court."

[4] The plaintiff specifically argues that an involuntary dismissal of her small claims action was sought for the sole purpose of removing "the contract action naming Robert Sennett d/b/a D & D Auto Sales from small claims court into the district court." The proper procedure for such removal, however, would have been a Motion To Transfer pursuant to G.L. c. 218, s. 24 and Dist./Mun. Cts. Supp. R. Civ. P. 175.

Civ. P. 41(a)(1), which expressly designates a voluntary dismissal upon plaintiff's request as a "dismissal without prejudice" unless otherwise specified by the court. Rule 41(a)(1) is available to a plaintiff, however, only if the plaintiff's notice of dismissal is filed "before service by the adverse party of an answer or of a motion for summary judgment, whichever occurs first . . . ." As not only an answer by the defendant but also a hearing and judgment predated the plaintiff's notice of dismissal, such dismissal could not have been validly entered pursuant to Rule 41(a)(1). See **American Cyanamid Co. v. McGhee**, 317 F.2d 295, 297-298 (5th Cir. 1963). The allowance of the plaintiff's motion for a new trial would not appear to have resurrected the plaintiff's right to proceed simply by means of a notice of voluntary dismissal. The new trial order did not affect the continued viability of the defendant's answer. Further, Rule 41(a)(1) limits a plaintiff's right to dismiss voluntarily "to an early stage of the proceedings;" to permit a dismissal simply by notice after "issue has been joined on the merits of the controversy" or after the proceedings have reached an "advanced state" would violate the purpose and policy of the rule. See **Sheldon v. Amperex Elec. Corp.**, 52 F. R. D. 1, 6-7 (E. D. N. Y. 1971). Given the advanced stage of the proceedings at issue, the plaintiff could have only effected a Rule 41(a) voluntary dismissal "without prejudice" by submitting either a stipulation of dismissal signed by both parties or a motion for a court order for a voluntary dismissal. As the plaintiff pursued neither of these proper courses, the plaintiff cannot be deemed to have secured a voluntary dismissal within the purview of Dist./Mun. Cts. R. Civ. P. 41(a). Thus the plaintiff's contention that the small claims dismissal order was "without prejudice" pursuant to Rule 41(a)(1) is devoid of merit.

Similarly, the trial court's apparent analysis of the small claims dismissal order in Dist./Mun. Cts. R. Civ. P. 41(b)

terms is equally invalid. As noted above, Rule 41(b)(3) does designate a Rule 41(b)(2) involuntary dismissal for plaintiff's failure to prosecute an action as an "adjudication upon the merits" for preclusion purposes. The trial court's conclusion, however, that the dismissal in question was an involuntary sanction imposed by the court for the plaintiff's failure to remark the case for trial constitutes unfounded speculation on the basis of the record before us.

Prerequisite to any Rule 41(b)(2) involuntary dismissal for a failure to prosecute is a motion by the defendant or **sua sponte** action by the court.[5] The defendant did not file a Rule 41(b)(2) motion in the small claims proceeding. Moreover, no signature, initials or other judicial identification accompanied the word "dismissed" on the small claims docket to indicate that the order was judicially imposed. Indeed, it appears that the dismissal in question of the plaintiff's small claims action was undertaken unilaterally by a trial court clerk as a simple ministerial response to the plaintiff's written request for a voluntary dismissal.[6] Such request, dated March 2,

---

[5]"Although Rule 41(b)(2) speaks only in terms of dismissal 'on motion of the defendant,' the language does not establish a party's motion as prerequisite to an order of dismissal. The rule, in other words, does not restrict the court's inherent power to control its own business. . . ." Smith & Zobel, Rules Practice, Vol. 8, s. 41.8(2), p. 56 (8 M.P.S. (1977)).

[6]The action of the trial court clerk would appear to have been erroneous for, as noted above, the plaintiff could not as a matter of right voluntarily dismiss the small claims action under Rule 41(a) merely upon notice given the advanced stage of the proceedings. It may thus be argued that the plaintiff's attempt to discontinue without leave of court or the consent of the defendant was legally ineffective. **Bourgiokas v. Moore**, 58 Mass. App. Dec. 74, 78 (1976). Nevertheless, a determination that the dismissal by the clerk of the plaintiff's small claims action was a nullity would not, as a practical matter, alter the outcome of this appeal. Two actions would remain pending against the defendant; but the defendant must now be deemed to have waived a Dist./Mun. Cts. R. Civ. P. 12(b)(9) defense by omitting the same from his answer. See Dist./Mun. Cts. R. Civ. P. 12(h)(1).

1979, was actually filed in the trial court on March 12, 1979, the precise date of the dismissal in question.[7] This time sequence and the actual appearance of the docket entry of dismissal do not permit the inference evidently drawn by the trial court that the plaintiff's small claims action was dismissed with prejudice pursuant to Dist./Mun. Cts. R. Civ. P. 41(b) for the plaintiff's failure to prosecute the case.

In any event, an analysis solely in Rule 41 terms of any potential **res judicata** effect of the dismissal order at issue improperly ignores the nature of the small claims proceeding instituted by the plaintiff. Rule 81(a) of the Dist./Mun. Cts. R. Civ. P. expressly provides that the Rules of Civil Procedure for the District and Municipal Courts "apply to all civil proceedings involved in cases traditionally considered tort, contract, replevin or equity actions, **except small claims actions.** (emphasis supplied)."[8] As small claims proceedings have been specifically exempted from the Rules' application, a dismissal of such an action is not necessarily governed by the strictures of Dist./Mun. Cts. R. Civ. P. 41. The dismissal of the plaintiff's small claims action need not, therefore, be subsumed under that portion of Rule 41(b)(3) which dictates that any "dismissal not provided for in this rule . . . operates as an adjudication upon the merits."

Considered beyond the framework of the rules of civil procedure, the dismissal of the plaintiff's small claims proceeding against defendant Sennett would not appear to constitute a prior adjudication barring the plaintiff's present G.L. c. 93A suit. The dismissal was entered solely at the request of the plaintiff and was unrelated to any substantive deliberations on the merits by the court. Said dismissal was thus in the nature of a traditional nonsuit or discontinuance which customarily did not operate with preclusive effect on subsequent litigation between the same parties. See, e.g. **Metropolitan Transit Auth. v. Railway Expr. Agency Inc.,** 323 Mass. 707, 709

(1949); **Pontiff v. Alexander,** 320 Mass. 514, 516 (1964); **Guild v. Cohen,** 269 Mass. 241, 242 (1929).

2. The default judgment entered against defendant D & D Auto Sales, Inc. in the plaintiff's breach of warranty action is equally ineffective as a bar to the plaintiff's present suit under the principles of prior adjudication.

As previously noted, the concept of **res judicata** dictates that a former judgment precludes a subsequent action only when the parties or their privies are the same in both cases. See, generally, **Giedrewicz v. Donovan,** 277 Mass. 563, 565 (1931); **McCarthy v. Wood Lumber Co.,** 219 Mass. 566, 567-569 (1914). Defendant Sennett has failed to establish that legal identity with D & D Auto Sales, Inc. which would permit him to escape from the present litigation against him on the grounds of prior adjudication. **Mongeau v. Boutelle,** Mass. App. Ct. (1980)(c); **Boyd v. Jamaica Plain Co-op Bk.,** 7 Mass. App. Ct. 153, 158-159 (1979). See, as to burden of proof, **McSorley v. Hancock,** Mass. App. Ct., (1981).(d)

Stated alternatively, the general rule of merger proscribes a second action against the same defendant on the same claim after judgment has been once rendered in the plaintiff's favor. See **Dwight v. Dwight,** 371 Mass. 424, 427 (1976); **Moore v. Municipal Court of Boston,** 291 Mass. 504, 505 (1935). However, "a

---

[7] The plaintiff's written request was addressed to the trial court clerk, and stated: "This office represents Karen Tiano in Tiano v. Robert Sennett d/b/a D & D Auto Sales (Small Claims No. 78-2663). We are writing to request a Voluntary Dismissal of the action. Our understanding is that this request is all that is necessary for dismissal of this action. If anything further is necessary, please feel free to contact us."

[8] See also G.L. c. 218, s. 21 which prescribes that the statutory small claims "procedure shall not be exclusive, but shall be alternative to the formal procedure for civil actions begun by summons and complaint." General Laws c. 218, s. 22 further states that "[t]he procedures may include the modification of any or all rules of pleading and practice. . . ."

c-Mass. App. Ct. Adv. Sh. (1980) 1372-1373.

d-Mass. App. Ct. Adv. Sh. (1981) 601, 603.

judgment against one person liable for a loss does not terminate a claim that the injured party may have against another person who may be liable therefor." Restatement (Second) of Judgments, s.49. Comment a to s. 49 of the Restatement expresses the rationale for this rule:

"When a person suffers injury as the result of the concurrent or consecutive acts of two or more persons, he has a claim against each of the . . . If he recovers judgment, his claim is 'merged' in the judgment so that he may not bring another action on the claim against the obligor whom he has sued . . . But the claim against others who are liable for the same harm is regarded as separate. Accordingly, a judgment for one or against one obligor does not result in a merger or bar of the claim that the injured party may have against another obligor.

"The injured person has a similar option when the conduct of the actual wrongdoer is legally chargeable to more than one person, as when both a servant and his master are liable for the acts of the servant under the principle of respondeat superior . . . The rule that there are separate claims against each obligor applies whether the obligation results from a tort, a breach of contract, or other obligation."

Thus the plaintiff's suit for breach of warranties against D & D Auto Sales, Inc. did not absolve defendant Sennett of any potential liability for his allegedly unfair and deceptive acts in violation of G.L. c. 93A, whether such liability if established is deemed to be an individual obligation, see **Nader v. Citron,** 372 Mass. 96, 102-103 (1977); or to be an obligation ultimately chargeable to the corporation as an act of its corporate officer for whom D & D Auto Sales was vicariously responsible. The liability of employers and employees, and principals and agents, is several rather than joint, and may form the basis of one or more suits. **Kabatchnik v. Hanover-Elm Bldg. Corp..** 331 Mass. 366, 369 (1954). The general policy of law which prohibits double recovery for the same injury or loss, **Green's Case,** 335 Mass. 302, 304 (1951) restricts a litigant not to a single judgment but merely to a single satisfaction of judgment. **Leonard v. Lumbermen's Mutual Casualty Co.,** 298 Mass. 393, 395 (1937); **Ryan v. Annelin,** 228 Mass. 591, 592-593 (1917). As the default judgment rendered against D & D Auto Sales, Inc. remains unsatisfied, the plaintiff is free to proceed against defendant Sennett herein to recover her loss.

3. The trial court's Dist./Mun. Cts. R. Civ. P. 19 determination that defendant Sennett was a necessary party in the plaintiff's previous action against D & D Auto Sales, Inc. is not a determination necessarily dispositive of the plaintiff's right to maintain the current G.L. c. 93A suit.

A failure to join an indispensable party may be raised by the litigants upon motion or by the court **sua sponte** at any stage of the proceedings. See J. Smith & H. Zobel, Rules Practice, Vol. 7, s. 19.6, pp. 35-36 (7 M.P.S. (1975). An action may either be stayed until all necessary parties are served and introduced into the suit, **Russo v. Russo,** 3 Mass. App. Ct. 364, 368, 369 (1975); or may be simply dismissed. See, e.g., **Turner v. United Minerals Lands Corp.,** 308 Mass. 531, 538-539 (1941).

Failure to join a necessary party does not, however, constitute a jurisdictional defect. **Rippey v. Denver U.S. Nat'l Bk.,** 42 F. R. D. 316, 318-319 (D. Colo. 1967). Thus a third alternative outcome of Rule 19 deliberations by the court is that the court may determine "in equity and good conscience the action should proceed among the parties before it . . . ." Dist./Mun. Cts. R. Civ. P. 19(b). See generally, **Provident Bk. & Trust Co. v. Patterson,** 390 U.S. 102, 19 L.Ed.2d 936, 88 S.Ct. 733 (1968); **Fair Housing Develop. Fund Corp. v. Burke,** 55 F. R. D. 414, 418 (S.D.N.Y. 1972). This third

alternative suggests the problems inherent in the trial court's summary judgment for defendant Sennett herein on the basis that the defendant was an indispensable party not joined in a previous action. A failure to join a necessary party does not require the automatic dismissal of an action. Such a failure **per se** can thus not preclude a subsequent suit against a party who should have been joined earlier. Compare **Mongeau v. Boutelle, supra** at 1372-1737. Any Dist./Mun. Cts. R. Civ. P. 19 defect in the plaintiff's civil action against D & D Auto Sales, Inc. was not before the trial court herein for "review" in any form. Even assuming **arguendo** that defendant Sennett should have been joined with D & D Auto Sales, Inc. as a party defendant, a failure to do so would not have amounted to an error fatal to the previous litigation. Such hypothetical defect in a previous case should not, therefore, have been visited upon and deemed dispositive of the plaintiff's subsequent suit.

4. Accordingly, the trial court's entry of summary judgment for the defendant is vacated, and this cause is remanded for further proceedings in the trial court.

Elliott T. Cowdrey, P.J.
John P. Forte, J.
H. Lawrence Jodrey, J.
This certifies that this is the opinion of the Appellate Division in this cause.
Suzanne Hurley
Clerk, Appellate Division